KENNON, Judge.
This case is before us on an appeal from a judgment of the District Court sustaining an exception of no cause or right of action.
Plaintiffs,, twenty-four in number, in an original and supplemental petition, allege-that they are property owners in Rapides-Parish, Louisiana, and own the land and improvements adjoining Lots 14, 15 and 17' of Section 1 of the subdivision of Willow Glen Plantation as recorded on page 260 of Conveyance Book 298, and on page 110 of Plat Book 2 of the records of that parish. The petition further recited that between the said Lots 14 and 17 there existed a strip-of land (or street) 933' long by 40' in width, which “was dedicated to the Parish of Rapides.” This street-strip was further described as “an area dedicated to public use.”
Attached to the petition (and reproduced below) was an extract from the minutes, of the Police Jury of Rapides. Plaintiffs, alleged that this resolution abandoning the dedication of the described strip was illegal and void for the reason that no hearing was advertised or held; no proper investigation was made, and the representations contained in the minutes were incorrect and untrue.
“Alexandria, La.
June 12th, 1945.
“The regular meeting of the Police Jury of Rapides Parish, Louisiana for the month. *158 of June, 1945, was held on Tuesday, June 12, 1945.
“T. Burton Lovett, who resides in Ward One of Rapides Parish, appeared before the jury and stated that he owns the property just off the Jefferson Highway between Alexandria and Ransville, which is acreage property and is described as Lots 14 and 17 of Section 1 of the subdivision of the Willow Glen Plantation. He stated that, whereas the official plat of said subdivision shows the dedication on paper of a forty (40) foot road between said two lots, which said road as so placed would run directly through his said property. He stated further that while the said road has been located and dedicated on paper, it never has been set up or graded as a road in actual fact, and it has never been used i'fi any manner by the public. He stated that there is no need whatever for the location of a road through his said property and that he would like to have the road, as it is shown on said plat, closed and abandoned.
“After some discussion by the members of the jury, the following motion was made, seconded and unanimously adopted:
“Be it resolved by the Police Jury of Rapides Parish, that the dedicated roadway forty (40) feet in width and approximately nine hundred and thirty-three (933) feet long, lying between Lots 14 and 17 of Section 1 of the subdivision of Willow Glen Plantation, be and it hereby is declared closed and abandoned.”
The petition further recited that the parties had a right to rely on the previously established servitude of drain which existed on this roadway; that they had purchased their property with this servitude in mind, and that the abandonment of the roadway area had seriously jeopardized the health of petitioners and their families due to the backing up of rain water, and that this overflow condition was due to the action of T. Burton Lovett, owner of the adjacent property and co-defendant with the Police Jury, in fencing in the area and doing away with the drainage ditches.
Section 1 of Act 382 of 1938, LSA-RS 48:701, provides: “ * * * That the Police Juries and municipal corporations of this State (Parish of Orleans excepted) shall have full-power and authority, in their discretion, to revoke and set aside the dedication of all roads, streets and alleyways laid out and dedicated to public use within their respective limits, when such roads, streets and alleyways have been abandoned or are no longer needed for public purposes.”
The Supreme Court of Louisiana in the case of Caz-Perk Realty, Inc., et al. v. Police Jury of Parish of East Baton Rouge et al., 207 La. 796, 22 So.2d 121, held that the police juries and municipal corporations of this state had full power over the revocation of dedicated streets, etc., that have been abandoned or are no longer needed for public purposes, and further that it is the well settled jurisprudence that courts will not interfere with the functions of police juries or other public bodies in the exercise of the discretion vested in them unless such bodies abuse this power by acting capriciously or arbitrarily.
In a second decision involving the same parties and reported in 213 La. 935, 35 So.2d 860, 862, the Supreme Court reversed a judgment of the District Court setting aside an ordinance of the police jury revoking the dedication of an unused road, quoting with approval the following statements with citations: “ ‘Police juries have both legislative and executive functions to perform, and, being small bodies, close to the people, are vested with large discretion in their sphere of action.’ Cruse v. Police Jury of LaSalle Parish, (151 La. 1056, 92 So. [679] 680). ‘And, for the judiciary to meddle in such matters, save for the purpose of preventing fraud, oppression, or gross abuse of power, would be for it to invade the domain of other departments of the government, in violation of the express prohibitions of the Constitution.’ Murphy v. Police Jury of St. Mary Parish, (118 La. 401, 42 So. [979] 982).”
It is noted that at no place in the petition before us do plaintiffs assert that the dedicated and abandoned strip was ever in fact used as a roadway, nor do plaintiffs in any place in the petition allege that the action of the Police Jury was fraudulent, capricious or arbitrary.
*159 Since the petition in this case does not designate the action of the police jury as being either capricious or arbitrary, and since the petition does not set up a state of facts showing that the area ordered closed and abandoned was in fact ever used as a roadway or for public purposes, or other facts, the existence of which would indicate or establish that the action of the police jury was fraudulent, capricious or arbitrary, the District Court correctly sustained the exception of no cause or right of action.
A reading of the petition indicates that the plaintiffs believe that the owner of the property adjacent to that of plaintiffs has interfered with the natural drainage of water from the property of plaintiffs. Be that as it may, this matter is not put at issue by the pleadings and whatever rights plaintiffs or any of them may have in this regard will not be lost by the affirmance of the judgment sustaining the exception of no cause or right of action.
For the reasons assigned, the judgment appealed from is affirmed, with costs.