Dear Mr. Durbin:
You have asked for an opinion from this office regarding the effect of a revocation of a prior statutory dedication by a resolution of the parish governing authority in 1961.
The power of a parish governing authority to revoke a dedication is controlled by the provisions of R.S. 48:701, which provides in pertinent part as follows:
 "The parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all roads, streets, and alleyways laid out and dedicated to public use within the respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes. Upon such revocation, all of the soil covered by and embraced in the roads, streets, or alleyways up to the center line thereof, shall revert to the then present owner or owners of the land contiguous thereto."
The jurisprudence has consistently held that the only requirement of the statute to exercise the authority contained therein is that the road in question was abandoned in fact or no longer needed for public purposes. There is a rebuttable presumption that the actions of the governing body in abandoning the road were proper. Given the fact that the resolution was passed over 30 years ago, it would appear that the time to challenge the exercise of discretion on the grounds that it was arbitrary, fraudulent or capricious has long since passed. R.S. 48:70 and related statutes do not have any specific prescriptive period within which a party must initiate a challenge to the revocation but the practical effect of any extended period of time between the resolution and the challenge is additional evidence for the argument against the necessity of opening a dedicated street to public use.
The statute only requires a formal act of the governing authority. A resolution of a parish police jury is a formal act. The fact that the revocation was done by resolution rather than an ordinance is of no legal or practical significance, particularly in this case. Although there is a distinction in the sense that a resolution is an expression of consensus on a particular matter and may be more limited in its scope and/or duration than an ordinance or law, the result is the same under the act. The statute does not require the execution of a notarial act nor the recordation of the act of revocation.
Several cases in Louisiana dealing with the interpretation of R.S. 48:701 have involved situations where the formal act of revocation was a resolution rather than an ordinance. Of particular note is Torrance v. Caddo Parish Police Jury119 So.2d 617 (La.App. 2 Cir. 1960), Sylvester v. St. Landry Parish Police Jury, 461 So.2d 534 (La.App. 3 Cir. 1984) and Jeffries v. Police Jury of Rapides Parish, 53 So.2d 157
(La.App. 2 Cir. 1951). The use of a resolution as a formal act rather than an ordinance was never at issue in the cases. The leading Supreme Court case in this area is Caz-Perk Realty v. Police Jury of Parish of East Baton Rouge 35 So.2d 860
(1948). Although this case involved an ordinance rather than a resolution the case is significant for its holding that the parish governing authority is granted wide discretion in the exercise of the authority under the statute and such functions will not be interfered with unless there is a clear abuse of power by way of capricious or arbitrary acts.
In summary, the formal act of revocation of the dedication by resolution of the police jury in 1961 resulted in the termination of the public ownership of the road in question and said ownership reverted to the then present owners of the land contiguous thereto to the center line of the road.
We hope that the above is responsive to your request, however should you have any additional questions or comments please contact the undersigned at your convenience.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT B. BARBOR Assistant Attorney General
RBB/tp