119 So.2d 617 (1960)
Edgar L. TORRANCE, Plaintiff-Appellant,
v.
CADDO PARISH POLICE JURY et al., Defendants-Appellees.
No. 9183.
Court of Appeal of Louisiana, Second Circuit.
March 22, 1960.
Rehearing Denied April 28, 1960.
Nelson & Gray, Shreveport, for appellant.
John A. Richardson, Tucker, Bronson & Martin, H. M. Holder, Shreveport, for appellee.
GLADNEY, Judge.
In this proceeding Edgar L. Torrance alone of the original plaintiffs has appealed from a judgment dismissing his suit, the object of which was to have declared invalid a resolution of the Caddo Parish Police Jury unanimously adopted on September 9, 1954, revoking a portion of Thomas Street therein described, as being no longer needed for public purposes. A similar suit by appellant against the City of Shreveport, *618 consolidated herewith in the district court for purposes of trial, likewise is on appeal and is governed by our decision in this matter. We observe this case was under consideration by this court previously, 100 So. 2d 238, in which decision an exception of no cause and no right of action was overruled and the case remanded. Upon its remand the defendants filed answers and trial was had on the merits. The issue presented on this appeal is whether, vel non, there was an abuse of discretion by the Caddo Parish Police Jury in adopting the resolution revoking the dedication as to a portion of Thomas Street.
Some time prior to the location and construction of State Highway No. 8, also known as North Market Street, Thomas Street became a publicly dedicated street by reason of the recordation of plats of the North Shreveport and Tacony subdivisions, Thomas Street receiving twenty-five feet from each subdivision, and thereby separating the two. Before its closing Thomas Street intersected North Market Street from the east at a forty-five degree angle and ran generally in a north-south direction. The center of Thomas Street forms the boundary line of the City of Shreveport, one-half of said street being in the city and the other one-half in the Parish of Caddo. Following the adoption of the resolution by the Police Jury, J. I. Roberts and R. O. Smith, the owners of the land on both sides of the closed portion of Thomas Street, during November, 1954, erected a steel fence for the purpose of enclosing their property. The fence crossed the closed part of Thomas Street. Appellant is the owner of Lots 4 through 24, 101 through 131, inclusive, and two tracts marked "Courts", all of which are located in the Tacony Subdivision, which property abuts North Market Street, Old Mooringsport Road, and that portion of Thomas Street lying between McKinley Avenue and Charlotte, or Temple, Street. This suit was filed in 1957, almost three years after the action by the Police Jury.
The position taken by counsel for appellant in argument and brief is that the Police Jury's action was arbitrary and constituted an abuse of its discretion in that: at the time of the adoption of the resolution Thomas Street was being used by the public; that prior to the adoption of the resolution no proper investigation as to the public use of Thomas Street was made; that appellant and other property owners in that area of Thomas Street acquired their lots by reference to and their reliance upon the dedication of said street; and that appellant, as well as others, will suffer inconvenience and be damaged by reason of the reduction of property values unless the resolution be revoked.
Defendants, appellees, deny the contentions of appellant, and assert: that by virtue of its limited width of fifty feet and its angular intersection with North Market Street, the use of the closed portion of Thomas Street is unfeasible from an engineering and safety standpoint; that appellant's property, by reason of its frontage upon the streets named above, has adequate means of ingress and egress; that appellant has not sustained any diminution in property value by the closing of a portion of Thomas Street; and, finally, that Thomas Street has never been necessary for public use or public purposes.
After reading the testimony adduced upon trial of the case, we observe that eight witnesses testified as to the use of Thomas Street prior to 1954, when the fence was erected by Roberts and Smith across the street. This testimony reveals that there was some use on Sundays of Thomas Street by a few members of two negro churches then located in the area. One witness testified she used the street for the purpose of going to her mailbox on the corner of Thomas Street and North Market. A grocery store operator testified she almost daily used the street to deliver groceries in the neighborhood. Further testimony was given by W. M. Haynes, who owns property on North Market Street, and also *619 bordering on Thomas Street, to the effect that prior to the building of the fence, trucks used the street in bringing pipe onto his premises. It is indicated that Thomas Street was never improved in any wise and was partially overgrown with trees and weeds, but with an opening which was feasible as a means of vehicular travel only during dry weather. The evidence does not show any property owner has been denied reasonable ingress or egress to his property, but on the contrary, reveals that a number of streets are available for use by any property owner in the area. Although some inconvenience may have resulted from the closing of a portion of Thomas Street, we find that such inconvenience is insufficient to become a controlling factor in our resolution of this case.
When the matter of the closing of Thomas Street was first presented to the Police Jury, the president of that body, accompanied by the defendant Smith, made an inspection of Thomas Street and the surrounding area. Another investigation was made about the time of trial of the case, by the engineer of the Police Jury. When the petition of Roberts and Smith requesting revocation of the dedication of a portion of Thomas Street was presented to the Police Jury, it was referred by that body to its Road Committee for due deliberation. Public notice of the filing of the petition was given by weekly appearances in a local paper on August 9, 16, 23 and 30, 1954. The resolution was then unanimously adopted only after no opposition was made.
The right of a governing body to revoke and set aside the dedication of a portion of Thomas Street is found in LSA-R.S. 48:701, which reads in part, as follows:
"The parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all roads, streets, and alleyways laid out and dedicated to public use within their respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes."
In State of Louisana ex rel. Torrance v. City of Shreveport, 1957, 231 La. 840, 93 So.2d 187, 189, Justice McCaleb, referring to LSA-R.S. 48:701, made the following observation:
"This statute plainly confers discretionary power upon the appropriate authorities to revoke the dedication of roads, streets and alleyways. Caz-Perk Realty v. Police Jury, 207 La. 796, 22 So.2d 121. And no doubt, in case of an abuse of discretion, anyone having an interest, who has sustained injury thereby, may have the illegal action declared null in appropriate proceedings. * * *"
Generally an abuse of discretion results from a conclusion reached capriciously or in an arbitrary manner. "Capriciously" has been defined such as "a conclusion of a commission when the conclusion is announced with no substantial evidence to support it or a conclusion contrary to substantiated competent evidence." 12 C.J.S. verbo Capriciously, p. 1137. The word "arbitrary" implies "a disregard of evidence or of the proper weight thereof." 6 C.J.S. verbo Arbitrary, p. 145. In CazPerk Realty, Inc., v. Police Jury of Parish of East Baton Rouge, 1948, 213 La. 935, 35 So.2d 860, the Supreme Court of Louisana was faced with an appeal involving the same legal issue, and in deciding there was no abuse of discretion by the Police Jury in revoking a dedication and closing a street, recognized that Police Juries have both legislative and executive functions to perform, and are vested with large discretion, with which the judiciary should not meddle except to prevent fraud, oppression or gross abuse of power. A further observation made by the court in the cited case was that the overwhelming preponderance of the evidence showed that the street was, for all intents and purposes, an abandoned street at the time the Police Jury *620 action was taken and that it was serving no useful public purpose. Appellant's evidence for the most part related to circumstances which occurred some three years prior to the time of the adoption of the resolution by the Police Jury.
As pointed out by counsel for appellee, the decision in the Caz-Perk Realty case advises that in its deliberations as to whether a street should be closed, a public body should consider as material factors before arriving at a conclusion: the topography of the property surrounding the street in the light of ingress and egress to other streets; the relationship of the street in the road system throughout the subdivision; the problem posed by the "dead end" of the street; the width of the street; the cost of rebuilding and maintaining the street as contrasted to its ultimate value to all of the property in the vicinity; the inconvenience of those visiting the subdivision; and whether the closing of the street would cut off any property owners from access to a street. The aforementioned factors, although not supplying all considerations, nevertheless furnish a fair standard for the determination by a governing body as to whether a street is useful for public purposes and should not be closed.
The record does not, in our opinion, reflect arbitrary or capricious action on the part of the Police Jury. Undoubtedly, the affected portion of Thomas Street was not used for a period of nearly three years prior to the taking of this action by appellant. Use of the street by the public in a general way, even prior to the adoption of the resolution, was not established by the evidence which shows, in our opinion, that neither appellant nor other property owners in the immediate area have suffered a diminution in the value of their properties, nor have they sustained any serious inconveniences by being compelled to use other nearby streets in the absence of a more direct route through Thomas Street.
As a consequence of these findings it is our conclusion there was no abuse of discretion by the Caddo Parish Police Jury in the adoption of the resolution complained of. It is unnecessary to consider other defenses, by which we have not been greatly impressed.
The judgment from which appealed is affirmed at appellant's cost.