196 So.2d 631 (1967)
John Mitchell LUNEAU, Plaintiff-Appellee,
v.
AVOYELLES PARISH POLICE JURY, Defendant-Appellant.
No. 1959.
Court of Appeal of Louisiana, Third Circuit.
March 21, 1967.
Ben C. Bennett, Jr., Marksville, for defendant-appellant.
Harold J. Brouillette, Marksville, for plaintiff-appellee.
Before TATE, FRUGÉ and CULPEPPER, JJ.
FRUGÉ, Judge.
Plaintiff filed suit in the lower court seeking a judgment declaring null and void the action of the Avoyelles Parish Police Jury in abandoning a graveled road formerly maintained as a portion of the Avoyelles Parish road system. The trial court, after a hearing on the merits, rendered a decision in favor of the plaintiff and the Police Jury has appealed.
The "Mitchell Luneau Road" is a graveled public road extending some three-fourths *632 of a mile in an easterly direction from paved Louisiana Highway 115 into a large tract of land formerly owned by J. H. Hines Timber Company. The Hines tract does not front on Louisiana Highway 115 at the point where the graveled road intersects the highway but is separated from the highway by the property of several landowners, including the plaintiff herein. The sketch below shows the road and the respective holdings of the adjacent landowners:

Since the 1930s, the plaintiff and several other families have lived along the graveled road on lands belonging to the Hines Timber Company. During this period of time the road was maintained by the Police Jury and was used as a school bus route. It is established and uncontested that the road was a "public" road before its abandonment by the Police Jury in 1965. At some date prior to November, 1965, the 20,000 acre tract belonging to the Hines Timber Company was sold to a person or persons known as the Easterlings. These new owners gave notice to the families living on what was formerly the Hines property that they would be required to move off the land. The old Hines tract was fenced by the Easterlings and at the point where the graveled road entered their property the Easterlings installed a set of gates across the public road. Rather than move, the plaintiff attempted to buy the small plot of land on which his house was constructed, but without success. He did succeed, however, in purchasing from Mrs. Lucy B. Hayes a small tract of land approximately one-fourth mile nearer Highway 115 just outside the Easterling (formerly Hines) tract. This piece of property was purchased by the plaintiff on November 10, 1965, and as the above sketch shows, is triangular in shape and bounded on the south by the graveled road, on the east by the Easterling tract, and on the north by lands owned by Charlie Edwards. At a meeting held that same day, the Avoyelles Parish Police Jury adopted the following resolution:
"BE IT RESOLVED, that a certain road in Ward 1, leaving State Route 115, *633 approximately ½ mile South of Big Creek, commonly known Mitchel Luneau Road, be abandoned from public use, and that, said property will revert back to its original owners,
"BE IT FURTHER RESOLVED, that notice of intention to abandon said road be published according to law in the official Journal of the Parish of Avoyelles."
Though the resolution does not indicate, the Police Jury was apparently acting under the authority of R.S. 48:701, which provides:
"The parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all roads, streets, and alleyways laid out and dedicated to public use within their respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes.
"Upon such revocation, all of the soil covered by and embraced in the roads, streets, or alleyways up to the center line thereof, shall revert to the then present owner or owners of the land contiguous thereto."
Notice of the Police Jury's intent to abandon the road was published in the "Marksville Weekly News" on November 18, November 25 and December 2, 1965. During the latter part of the month of November, the plaintiff engaged the services of a house mover and had his house moved off the Easterling lands and onto the lot that he had purchased. At the December 8, 1965, Police Jury meeting the plaintiff appeared through counsel to protest the closing of the road. After some discussion of the issues, the following resolution was adopted:
"BE IT RESOLVED, that from this day forth the Mitchell Luneau Road, in Ward 1, be closed and removed from the Avoyelles Parish Road System."
As shown on the accompanying sketch, a second fence was built on the road at the point where the road intersects Louisiana Highway 115, thus effectively blocking the plaintiff's ingress and egress to his home located some 400 or 500 feet from the highway down the graveled road.
Under the jurisprudence of this state, any interested party may challenge as unreasonable and arbitrary the abandonment of a public roadway by the governing body of a parish or municipality. State ex rel. Torrance v. City of Shreveport, 231 La. 840, 93 So.2d 187 (1957); Torrance v. Caddo Parish Police Jury, 119 So.2d 617 (La. App.2d Cir.1960); Comment, 16 La.L.Rev. 521. In reviewing the decisions of parish or municipal bodies, however, the courts require that the plaintiff allege and prove that the action of the governing body was capricious or arbitrary or based upon substantially incomplete or incorrect information. Caz-Perk Realty, Inc. v. Police Jury of East Baton Rouge Parish, 213 La. 935, 35 So.2d 860 (1948). Thus the court, at the instance of an interested party, may examine the circumstances surrounding the abandonment of a permanent roadway to determine whether at the time of the governing body's decision to abandon the road the roadway has been abandoned or is no longer needed for public purposes. R.S. 48:701.
In the instant suit the record reveals that none of the Police Jurors save the jury member from Ward 1, Mr. Rayburn Deloach, possessed firsthand knowledge concerning the number of persons living on or using the Mitchell Luneau Road. It was those jury members' understanding that since the Easterlings' notification to the families living on the Easterling tract and the subsequent barricading of the road at the Easterling property line, there were no families living along the Mitchell Luneau Road and thus no necessity for maintaining it as a part of the parish road system. Mr. Rayburn Deloach, who represents the ward in which the road is located, *634 testified that he "understood that at the time of the November meeting all the persons living behind the gates on the Easterling property had orders to move" (Tr. 64) and that he did not discuss the matter with the plaintiff (Tr. 67). He further testified that after the final resolution abandoning the road was passed, he talked with the plaintiff about the lack of access to the plaintiff's property and that he proposed as a solution that the plaintiff acquire a right of way to the highway and that "we would try to work it through the Police Jury to grade a road or help him in any way we could." (Tr. 68).
The trial judge found as a matter of fact that there was a definite and continuing need for this particular road and that the closing of the road was an effort by the Police Jury to retaliate against the extra-legal blockading of the road at the point where the road enters the Easterling property. In this connection, the plaintiff and several other persons testified that in order to get to plaintiff's house, which fronts on the gravel road, it is necessary to park on the shoulder of Highway 115, climb over or through the fence which crosses the road at that point, and thereafter walk the 400 or 500 feet to the plaintiff's property. In view of this testimony and the proposal of Mr. Deloach that instead of preserving the existing graveled roadway as a public road the Police Jury provide the plaintiff with a private driveway at public expense, we are fully in accord with the findings of the judge a quo.
In brief, the defendant refers us to the case of Caz-Perk Realty, Inc. v. Police Jury of the Parish of East Baton Rouge as being similar to and determinative of the issues in the instant case. We have no quarrel with the principles announced in the Caz-Perk case, but we feel that it has no application to the present suit since in the Caz-Perk case the roadway involved was merely dedicated by the recordation of a subdivision plat and was never improved or incorporated into the parish system of roads. In fact, our research discloses no case upholding the abandonment of an established and well-maintained public road, and certainly not where that road constitutes the only means whereby an abutting landowner may enter or leave his property. Even assuming that the action of the Police Jury in closing the road could be upheld as a reasonable exercise of that body's discretion, there is serious doubt that the resulting denial of plaintiff's access to Highway 115 could be accomplished without the payment of just compensation therefor. English Realty Co. v. Meyer, 228 La. 423, 82 So.2d 698 (1955); Article I, Section 2, La.Const.; 39 C.J.S. Highways § 141.
Hence, it is our opinion that our learned brother below was correct in holding that the action of the Police Jury in closing the Mitchell Luneau Road was arbitrary and unreasonable and constituted an abuse of the wide discretion vested in that body.
For the foregoing reasons, the judgment of the district court is hereby affirmed. The defendant-appellant is taxed with reporter's cost of taking the testimony but, as a public body, is exempt from all other court costs. LSA-R.S. 13:4521; Fuller v. Police Jury of Grant Parish, 144 So. 2d 766 (La.App.3d Cir. 1962); Penny v. Bowden, (La.App.3d Cir. 1967).
Affirmed.