LOTTINGER Judge.
This is a suit filed by Louis A. Bonvil-lain, as Plaintiff, wherein he seeks a de- • claratory judgment declaring null and void a resolution of the Police Jury of the Parish of Terrebonne in which a certain street was declared abandoned. The defendant is the Police Jury of the Parish of Terre-bonne, State of Louisiana.
The Lower Court awarded judgment in favor of petitioner and against defendant and declared the said resolution null. The defendant has taken this appeal.
The facts disclose that petitioner is the owner of lot seven (7) of square three (3) of Hollywood Home Sites Subdivision. Tucker Street lies adjoining and extends the entire depth of the lot owned by petitioner.
Sometime ago a neighbor to the east and contiguous with the eastern line of Tucker Street attempted to purchase Tucker Street from the original subdividers. Acting under the assumption that he had purchased the property, this neighbor barricaded the property known as Tucker Street.
Following a lengthy court battle, the Court rendered judgment declaring that the property was indeed a dedicated street and therefore insusceptible to sale by the developers and the neighbor was required to remove the barricades.
Shortly after the judgment, the Terre-bonne Parish Police Jury revoked the dedication of Tucker Street in accordance with the provisions of R.S. 48:701. Petitioner, contending that the governing authority acted arbitrarily and capriciously, now seeks a declaratory judgment declaring *899 such action on the part of the Police Jury as null and void.
R.S. 48:701, provides as follows:

"Revocation of dedication; reversion of property

The parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all roads, streets, and alleyways laid out and dedicated to public use within their respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes.
Upon such revocation, all of the soil covered by and embraced in the roads, streets, or alleyways up to the center line thereof, shall revert to the then present owner or owners of the land contiguous thereto.
Nothing in this Section shall be construed as repealing any of the provisions of special statutes or charters of incorporated municipalities granting the right to close or alter roads or streets.”
The lot owned by the petitioner measures a frontage of 82' on Louisiana Highway No. 69, and a depth of 267' 1J4" on the southerly side which is adjacent to Tucker Street. It is maintained by the defendant. At one time this street was used by the public in general, however, it is no longer used by the public, as at the rear of Mr. Bonvillain’s lot a fence has been erected by Sako’s Nursing Home, thus making Tucker Street a dead-end street.
Accordingly, the defendant, Police Jury, maintains that it was within its rights under the provisions of R.S. 48:701 in revoking the dedication of Tucker Street which resulted in each of the contiguous property owners becoming the owners of the soil up to the middle of the street, thus giving each an additional 25' feet frontage on Louisiana Highway No. 69.
The only evidence submitted at the trial of this matter was that of the petitioner himself. He testified that Tucker Street was a street in the subdivision when he purchased his property and that it had, apparently, been considered a street for a long time. Certain services were performed in using of this street such as garbage collection, patrolling for police protection and household delivery services.
Mr. Bonvillain owned a house situated on the front portion of the property, fronting Louisiana Highway No. 69 which was a rental unit, and his own home which was constructed at the rear of the said house faced Tucker Street. Tucker Street was used by petitioner as a driveway to get to and from his personal residence.
Mr. Bonvillain maintains that the 25' feet additional which he would receive as a result of the revocation of the dedication does not afford an unimpeded passage to the back since there are telephone poles and a ditch on said strip of land.
The evidence further reflects that no investigation was made by the Police Jury, other than one individual member of said body who investigated the situation, regarding the revocation of the dedication. This particular member voted against the revocation.
Although the petitioner requested that other members of the Police Jury view the site before making their decision, his request went unanswered.
The Lower Court held that the revocation was arbitrary because no investigation was made by the individual members of the Police Jury or as by the Police Jury as a whole.
Therefore, under the holding in Luneau v. Parish of Avoyelles, 196 So.2d 631, the Lower Court declared the revocation resolution null and void.
As stated before, the only testimony was that of the petitioner, who testified that Tucker Street was still used as a street by *900 the general public. This street was dedicated as such many years ago and has been maintained as such by the Police Jury. In view of the evidence before us, we find no error in the decision of the Lower Court.
For the reasons hereinabove assigned, the Judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendant.
Affirmed.