441 So.2d 306 (1983)
Jean Hebert MILLER and Anita Hebert Duplechin, Plaintiffs-Appellants,
v.
CALCASIEU PARISH POLICE JURY and Donald Broussard, Defendants-Appellees.
No. 83-220.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
Writ Denied January 16, 1984.
McClain, Morgan & Savoy, Richard L. Savoy, Lake Charles, for plaintiffs-appellants.
Raleigh Newman, Eugene Bouquet, Lake Charles, for defendants-appellees.
Before DOUCET, LABORDE and KNOLL, JJ.
LABORDE, Judge.
Jean Hebert Miller and Anita Hebert Duplechin, plaintiffs, filed suit against the Calcasieu Parish Police Jury and Donald Broussard, defendants, seeking a judgment declaring null and void the Police Jury's decision to abandon the portion of a public road known as Phillips Lane. Plaintiffs complain that the abandonment and procedural method was improper and contrary to the law. The trial court held that the portion of the lane which was abandoned had never been constructed or maintained as a public road by the parish and that the abandonment was neither arbitrary nor capricious. Plaintiffs appeal this decision. We affirm.
Plaintiffs, Jean Hebert Miller and Anita Hebert Duplechin, along with their brother, Stephen B. Hebert and their mother, Mrs. Odell Hebert, inherited a parcel of property in indivision from their father as evidenced *307 by judgment of possession on June 6, 1968. The property is situated in an east-west rectangular shape. The west end fronts on Prien Lake Road. The property was partitioned on June 10, 1968, with Mrs. Odell Hebert, the mother, receiving the westernmost lot, with Stephen Hebert the adjacent lot to the east of his mother, with Jean Hebert Miller the adjacent lot east of Stephen Hebert and Anita Duplechin receiving the adjacent lot to the east of Jean Hebert Miller. The southeast corner of the Jean Hebert Miller property and the southwest corner of the Anita Duplechin property adjoins the northern dead end of the abandoned lane. Phillips Lane runs in a north-south direction and meets a dead end in a perpendicular fashion at its north end, at plaintiffs' property as mentioned above. The south end of Phillips Lane intersects Sale Road, a public highway. Phillips Lane is 470.9 feet in distance from Sale Road to plaintiffs' property and is 40 feet wide.
Defendant, Broussard, is a landowner fronting the northern 200 feet of Phillips Lane being situated on the west side. It is this 200 feet, extending out from Broussard's front yard, that has been abandoned and is the dispute of this suit. (See Appendix "A").
The record reveals that Phillips Lane is a public road having been dedicated to the parish in 1957. It was highly disputed at trial whether the northern 200 feet of the lane was ever constructed and maintained as a public road.
Upon Broussard's request, the Police Jury, after publicly advertising it's intent, abandoned the north 200 feet of Phillips Lane, which fronted Broussard's yard. Broussard subsequently built a new home making the abandoned portion a part of his front yard. Plaintiffs claim that this abandonment leaves them without ingress and egress to their lands and that for this reason the Police Jury's decision to abandon the lane was arbitrary and capricious. Plaintiffs argue that the lane still serves a substantial public purpose. We disagree.
In Luneau v. Avoyelles Parish Police Jury, 196 So.2d 631 (La.App. 3rd Cir.1967) the court set forth the following standards related to abandonment of public roads:
"Under the jurisprudence of this state, any interested party may challenge as unreasonable and arbitrary the abandonment of a public roadway by the governing body of a parish or municipality. State ex rel. Torrance v. City of Shreveport, 231 La. 840, 93 So.2d 187 (1957); Torrance v. Caddo Parish Police Jury, 119 So.2d 617 (La.App.2d Cir.1960); Comment, 16 La.L.Rev. 521. In reviewing the decisions of parish or municipal bodies, however, the courts require that the plaintiff allege and prove that the action of the governing body was capricious or arbitrary or based upon substantially incomplete or incorrect information. Caz-Perk Realty, Inc. v. Police Jury of East Baton Rouge Parish, 213 La. 935,35 So.2d 860 (1948). Thus the court, at the instance of an interested party, may examine the circumstances surrounding the abandonment of a permanent roadway to determine whether at the time of the governing body's decision to abandon the road the roadway has been abandoned or is no longer needed for public purposes. R.S. 48:701."
Our review is therefore limited to determining whether the Police Jury abused its discretion by acting in an arbitrary or capricious manner in abandoning the north 200 feet of Phillips Lane. Generally, "capriciously" has been defined as a conclusion of a commission when the conclusion is announced with no substantial evidence to support it, or a conclusion contrary to substantiated competent evidence. The word "arbitrary" implies a disregard of evidence or of the proper weight thereof. Torrance v. Caddo Parish Police Jury, 119 So.2d 617 (La.App. 2nd Cir.1960).
The law granting unto parish governing authorities the power to abandon public roads is well defined. LSA-R.S. 48:701 provides as follows:
"The parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all roads, *308 streets, and alleyways laid out and dedicated to public use within their respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes. * * *" (emphasis added)
In Caz-Perk Realty, Inc., et al v. Police Jury of Parish of East Baton Rouge, 207 La. 796, 22 So.2d 121 (1945), the Supreme Court established that courts will not interfere with the functions of police juries or other public bodies in the exercise of discretion vested in them, unless they abuse this power by acting capriciously or arbitrarily.
The trial court found that the north 200 feet of Phillips Lane had never been constructed or maintained as a public road. Consequently, it served no public purpose. The trial court accordingly afforded great weight to the discretion exercised by the Calcasieu Police Jury as required in Caz-Perk Realty, Inc., supra. The trial court's finding is supported by the record and cannot be disturbed in the absence of abuse of discretion or manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973). We therefore agree with the trial court's finding that the north 200 feet of the lane was never constructed or maintained as a public road.
Further, the record and testimony fails to show that the north 200 feet of the lane was ever utilized by the public in a manner consistent with "public use". Periodic or isolated use of the disputed lane was so infrequent and non-essential to the public that trees and underbrush had to be cleared from the lane when Broussard built his home following the abandonment. Based on these trial court findings, we are convinced that the north 200 feet of Phillips Lane was no longer, if ever, needed for a public purpose. Torrance v. Caddo Parish Police Jury, supra.
Plaintiffs contend that they are without adequate ingress and egress onto their land. The trial court found that there were no other "road right of ways" adjoining, connecting or abutting plaintiffs' property as a matter of public record. This may well be true and we decline to disturb the trial court's finding in this respect. However, this appeal is limited to a review of the administrative procedures and abandonment pronounced by the police jury. Luneau v. Avoyelles Parish Police Jury, supra. Plaintiffs may return to court to establish a need for a right of way to their land under the Civil Code. LSA-C.C. art. 689.[1] However, we refuse to grant relief on our own motion as to collateral issues not properly before us.
The record clearly indicates that even though there was no public road leading to plaintiffs' property following the abandonment, there were other reasonable means of ingress and egress to the plaintiffs' property from a public road. Plaintiffs had a reasonable means of ingress and egress to their property by proceeding eastward from Prien Lake Road across tracts of land adjacent to them and owned by Mrs. Odell Hebert and Stephen Hebert, their mother and brother. The testimony establishes that this was the customary and usual means by which plaintiffs reached their property at the time of abandonment. Therefore, plaintiffs have failed to convince us that the abandonment of Phillips Lane has left them without a reasonable means of ingress and egress to their property, nor that the Police Jury was arbitrary and capricious in abandoning the northern 200 feet of Phillips Lane.
Finally, plaintiffs complain that they were not given adequate notice by the Police Jury of its intention to abandon Phillips Lane. We find no requirement of personal notice to abutting landowners in these instances. The record reveals that on three occasions prior to the abandonment, the Police Jury published a notice of the intent to abandon in a local journal. We find that the Police Jury followed the normal procedure that is customarily accepted as policy in these type abandonment matters.
*309 Based on the foregoing reasons, we hold that the procedural method and subsequent abandonment of the north 200 feet of Phillips Lane by the Calcasieu Parish Police Jury was neither arbitrary nor capricious.
For the above and foregoing reasons the decision of the trial court is affirmed at appellants' cost.
AFFIRMED.

APPENDIX "A"

NOTES
[1] LSA-C.C. Art. 689. Enclosed estate; right of passage. "The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion."