461 So.2d 534 (1984)
Oscar SYLVESTER, Jr., Plaintiff-Appellant,
v.
ST. LANDRY PARISH POLICE JURY, et al., Defendants-Appellees.
No. 83-1161.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
*535 C. Brent Coreil, Ville Platte, for plaintiff-appellant.
Young & Burson, I.J. Burson, Jr., Eunice, Edwards, Stefanski & Barousse, Christopher A. Edwards, Crowley, Kermit Doucet, Lafayette, for defendants-appellees.
Before FORET, CUTRER and CULPEPPER[*], JJ.
CUTRER, Judge.
This case was consolidated for trial with the suit of Oscar Sylvester, Jr. v. St. Landry Parish Police Jury, et al, Number 83-1162 on the docket of this court. These declaratory judgment suits remained consolidated on appeal and, since the law and relevant facts are common to both, our opinion here is equally applicable. However, we render a separate judgment in the consolidated case of Oscar Sylvester, Jr. v. St. Landry Parish Police Jury, et al., 461 So.2d 534 (La.App. 3rd Cir.1984).[1]
These two consolidated suits have previously been appealed and considered by this court. The procedural complexities of the cases are such that we shall reiterate, in part, the principal procedural activities as set forth by us in the prior appeals. We feel that this will be beneficial in clarifying these appeals.
"Oscar Sylvester, Jr., owns a tract of land in the northwest corner of St. Landry Parish. The only access to his property is by gravel road commonly referred to as `Oscar Sylvester Road' but designated on the highway map of St. Landry Parish as `Parish Road 5-245.' This road traversed property owned by Milbert St. Amand (the pleadings erroneously refer to him as Milburn St. Amand).
"On July 6, 1977, the Police Jury, by resolution, declared Road 5-245 a public road and also expressed the intention of maintaining it. On July 28, 1978, Sylvester filed a suit for a declaratory judgment seeking to have Road 5-245 declared a public road pursuant to LSA-R.S. 48:491, or, alternatively to have a servitude of passage by ten years acquisitive prescription recognized in his favor. Defendants in that suit were St. Amand and the Police Jury. After the suit was filed, the Police Jury, on September 6, 1978, by resolution declared Road 5-245 to be a private road.
"On June 1, 1979, Sylvester filed a `Petition for a Writ of Injunction' seeking a temporary restraining order and preliminary injunction to prevent St. Amand from constructing a gate or fence across the road which would prevent Sylvester's access to his property. The petition for injunction alleged that St. Amand had begun the construction of a gate across the road and that an injunction was necessary to prevent such action since the previously filed petition for a declaratory judgment was pending. Such litigation was filed for the purpose of determining whether the road was public or private. A temporary restraining order was issued and a hearing date set; however, the parties entered into a `Consent and Stipulated Judgment.' The substance of the judgment was that St. Amand granted Sylvester the use of the road for *536 passage to and from his farm for an annual consideration of $2,500.00. This judgment was signed June 25, 1979.
"On July 6, 1979, Sylvester filed this second `Suit for Declaratory Judgment and for Damages,' alleging the public nature of Road 5-245. The petition also alleged that the Police Jury had, by resolution, abandoned Road 5-245 on April 3, 1979. The petition attacks the validity of that resolution."
On appeal, we reversed the trial court judgment granting St. Amand's exception of res judicata and remanded the suits for trial on the merits.
After remand, the trial court rendered judgment dismissing both of Sylvester's suits on the ground that the roadway in question was private and had not become a public road by virtue of three years maintenance of the Police Jury. Sylvester appeals in both suits. We reverse.
The substantial issue presented in these cases are whether the road in question had become a public road by virtue of three years maintenance by the Police Jury and tacitly dedicated under the provisions of LSA-R.S. 48:491, which reads as follows:
"All roads or streets in this state that are opened, laid out or appointed by virtue of any act of the legislature or by virtue of an order of any parish government authority in any parish, or any municipal governing authority in any municipality, or which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish or by authority of any municipal governing authority in its municipality shall be public roads or streets as the case may be..."
Deciding whether a road is public or private is a factual decision. The question of whether a public body has maintained a road, so as to amount to a tacit dedication thereof as public, is one of degree.
We shall examine the evidence to determine whether the trial court was manifestly erroneous when he concluded that the Police Jury's maintenance of the road in question was only "sporadic, intermittent and minimal" and did not amount to a tacit dedication of the road.
St. Amand owned approximately 473 acres of land on March 25, 1950, which land fronted on Louisiana Highway 29. Sylvester purchased a large tract of land in 1953, which was to the rear of the St. Amand property and did not front on Louisiana Highway 29. Sylvester could have installed another route to gain access to the highway, but he preferred a route across St. Amand's property to gain access to Louisiana 29. Sylvester asked St. Amand for a right-of-way across his land to reach the highway. St. Amand gave him oral permission to install a road and maintain it.
The right-of-way requested by Sylvester was an old roadway which had not been used for many years. Sylvester cleared the old roadway, built a bridge and added gravel to the surface. The right-of-way was approximately one and one-half miles in length.
Lee Richard, a police juror from 1964 until 1972, stated that the roadway was located in the ward from which he was elected. The police jury was working on a "ward system." Each juror was responsible for the maintenance of the roads in his particular ward. He stated that, at Sylvester's request, his grader operator began grading the road. He testified that it was the practice of the Police Jury to help farmers by grading their farm roads.
Felton Carrier was a motor grader during the time Lee Richard was police juror. Carrier testified that he worked for the Police Jury from 1964 until 1972. During this time he operated a grader in the ward represented by Lee Richard. Carrier stated that he worked the road in question by grading it every 60 to 90 days for the eight years he was employed by the Police Jury. He stated that no one told him not to grade the road. He had not discussed the maintenance with St. Amand or Sylvester.
George Buller was a police juror from 1952 to 1977. By virtue of a reapportionment *537 in 1972, the road in question came under his jurisdiction. Also, Buller was parish manager from 1966 to 1977. He stated that he had the road graded every 60 to 90 days during those years. The road was gravel and he applied gravel on two occasions during 1976 and 1977.
Lawrence Leger farmed on land owned by Sylvester. He had farmed the land for twelve years and had moved his family into a house on the roadway in 1976. He stated that a police jury graded the road several times per year for several years before 1977. Leger testified that the roadway was used by him and his family. Also, two other families, who worked for Leger used the road. The road served the farming operations which included a commercial crawfish lake and a hunting camp. Various members of the public utilized these facilities.
Floyd Charles operated a motor grader during the years of 1972 through 1982. He worked under the direction of George Buller. He stated that he graded the road four or five times per year. However, he was not aware of the installation of gravel.
Milbert St. Amand admitted that the Police Jury had worked upon the road by grading it. He stated that the road was usually pretty smooth. He maintained that the work was done as a favor to Sylvester and he did not intend that the road be a public road.
Oscar Sylvester testified that the Police Jury started helping him maintain the road in the latter part of the 1950's and continued until it was stopped by St. Amand in 1977. He stated that it was graded approximately every two months.
We also note that, in the early 1970's, a road numbering plan was prepared by engineers for the Parish of St. Landry. The roadway in question was designated by the engineers as Parish Road Number 5-245.
On May 4, 1977, St. Amand, through his attorney, notified the Police Jury by letter that the jury was not to maintain the road as he did not want it to become a public road. This is the first formal objection made by St. Amand. Prior to 1977, he had made some verbal objection to Lee Richard in the 1960's but it is unclear if other objections were made by St. Amand to the maintenance.
The trial court held that the grading of the road amounted to no more than a brushing up or a token maintenance, citing Bordelon v. Heard, 33 So.2d 88 (La.App. 1st Cir.1947), and Jackson v. Town of Logansport, 322 So.2d 281 (La.App. 2nd Cir. 1975). In Bordelon, there was an occasional grading of the road but this maintenance had been practically discontinued several years before the suit as the result of the installation of another gravel road. The court held that this did not constitute three year maintenance by the Police Jury. In Jackson, a short roadway connecting two streets, which had been mowed once a year and two loads of dirt dumped thereon, did not constitute three year maintenance so as to convert it to a public street.
Jackson and Bordelon are clearly distinguishable from the facts at hand. Under the facts of this case we cannot classify the maintenance here as "token." The evidence clearly reflects that grading of the road was carried out, beginning in the 1960's, and continued up until this controversy arose in 1977. The estimates of the amount of grading vary but it was performed at least three to four times per year. Some gravel was placed upon the road. Also, the road was in continuous use by members of the public. The families living on the road and persons who participated in the commercial crawfishing and hunting on the farm used the road.
In the case of Boynton v. Bertrand, 309 So.2d 769 (La.App. 3rd Cir.1975), the police jury graded the road three times per year for twelve years plus some cleaning of ditches. The court held that the road was a public road. See the similar cases of Trahan v. Fontenot, 380 So.2d 1240 (La. App. 3rd Cir.1980); Beard v. Beauregard Parish Police Jury, 378 So.2d 625 (La.App. 3rd Cir.1979), writ refused, 380 So.2d 101 (La.1980); Mouton v. Bourque, 253 So.2d 689 (La.App. 3rd Cir.1971); Latour v. Dupuis, *538 164 So.2d 620 (La.App. 3rd Cir.1964); and Curtis v. Goebel, 101 So.2d 462 (La. App. 1st Cir.1958).
We conclude that the trial court erred in holding that the maintenance was insufficient to amount to a tacit dedication by three years maintenance by the Police Jury. We hold that the substantial maintenance by the Police Jury amounted to a tacit dedication of the roadway which became public and not private.
The second issue to be determined by us is whether the resolution adopted by the Police Jury on April 2, 1979, was effective.
By 1979, Sharon Lee had become a member of the Police Jury. He replaced Buller who had retired. Sharon Lee is the nephew of St. Amand's wife. On April 2, 1979, after this litigation had begun, Sharon Lee was requested by St. Amand and his attorney to introduce a resolution, for adoption by the Police Jury, which would have the effect of abandoning the roadway in question. This procedure is authorized by LSA-R.S. 48:701.
Lee had the secretary of the Police Jury to make the proper advertisements of the Police Jury's intention to abandon the road. After the timely advertisements were made, the resolution was presented to the Police Jury for adoption.
Sharon Lee testified that St. Amand and his attorney had requested the abandonment resolution. He also stated that he felt that the roadway should not be declared a public road as the land was owned by St. Amand. The resolution was presented by Sharon Lee to the other members of the Police Jury. He explained to them that his ward lacked funds to continue maintenance of the roadway in question. He stated that he needed the money for other parish roads which were more heavily populated. The resolution passed unanimously with one juror absent.
Ten of the twelve members of the Police Jury testified. The substance of the testimony of each was that, when a resolution, such as the one presented by Sharon Lee, was presented, they would defer to his request and reasons without making any further individual inquiry into the reason for the abandonment. Practically none of the jurors who testified were acquainted with the road. They had not inspected it. Also, they were not made aware that the road was involved in litigation. They stated that, if they had been better informed, they would have probably voted differently.
Counsel for Sylvester, citing the case of Luneau v. Avoyelles Parish Police Jury, 196 So.2d 631 (La.App. 3rd Cir.1967), contends that the abandonment of the roadway was arbitrary and should be set aside.
In Luneau, this court set forth the following criteria for determining whether an abandonment was arbitrary or capricious:
"Under the jurisprudence of this state, any interested party may challenge as unreasonable and arbitrary the abandonment of a public roadway by the governing body of a parish or municipality. State ex rel. Torrance v. City of Shreveport, 231 La. 840, 93 So.2d 187 (1957); Torrance v. Caddo Parish Police Jury, 119 So.2d 617 (La.App. 2d Cir.1960); Comment, 16 La.L.Rev. 521. In reviewing the decisions of parish or municipal bodies, however, the courts require that the plaintiff allege and prove that the action of the governing body was capricious or arbitrary or based upon substantially incomplete or incorrect information. Caz-Perk Realty, Inc. v. Police Jury of East Baton Rouge Parish, 213 La. 935, 35 So.2d 860 (1948). Thus the court, at the instance of an interested party, may examine the circumstances surrounding the abandonment of a permanent roadway to determine whether at the time of the governing body's decision to abandon the road the roadway has been abandoned or is no longer needed for public purposes. R.S. 48:701."
As we examine the testimony of the police jurors who testified as to the adoption of the resolution of abandonment, we find that it is clear that the action of the *539 jury was arbitrary or capricious. The members, other than Sharon Lee, voted for the abandonment without any knowledge of the circumstances surrounding the roadway in question. They voted for it simply because it was recommended by Sharon Lee in whose ward the roadway was located. It is clear that the governing body's decision to abandon the roadway was made without any information as to whether it was being used for public purposes.
LSA-R.S. 48:701 authorizes a parish governing authority to abandon parish public roads when those roads are no longer needed for a public purpose. In the case at hand, the use of the land by the public was continuing and had not diminished. Under these circumstances, the resolution of April 2, 1979, abandoning the road in question, is arbitrary and shall be set aside. The trial court erred when it ruled that this resolution would remain effective.
We find that the requisites of LSA-R.S. 48:491 were met for a tacit dedication of this roadway as a public road, and that the resolution of abandonment was arbitrary and shall be set aside. Thus, the judgment of the trial court shall be reversed.
For these reasons, the judgment of the trial court is reversed and a tacit dedication to public use is declared of the roadway known as "Oscar Sylvester Road," or Parish Road Number 5-245, traversing the property of Milbert St. Amand.
All costs are assessed against Milbert St. Amand and the St. Landry Parish Police Jury, with each to pay one-half of such costs.
REVERSED.
NOTES
[*] William A. Culpepper, Judge ad hoc.
[1] Sylvester v. St. Landry Parish Police Jury, 414 So.2d 793 (La.App. 3rd Cir.1982); Sylvester v. St. Landry Parish Police Jury, 414 So.2d 796 (La.App.3rd Cir.1982).