619 So.2d 1161 (1993)
Allen Dale HERRING and Martha Carpenter Herring
v.
Johnny R. GUITREAU.
No. 92 CA 0943.
Court of Appeal of Louisiana, First Circuit.
May 28, 1993.
Jeffery J. Leblanc, Denham Springs, for plaintiff/appellant.
W. Benjamin Valentine, Gonzales, for defendant.
Leroy Laiche, Asst. Dist. Atty., Baton Rouge, for Police Jury.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
*1162 SHORTESS, Judge.
In 1979 Johnny R. Guitreau (defendant) developed a subdivision named Old Hickory Woods in Ascension Parish. Streets in the subdivision were statutorily dedicated to the public by recordation of the plat in accordance with Louisiana Revised Statute 33:5051, but they were not originally accepted for maintenance by the Ascension Parish Police Jury (APPJ). The streets were paved and maintained except for a 60-foot strip at the western end of Sycamore Avenue, which was left unsurfaced because of title problems.
In 1985 Allen Dale Herring and Martha Carpenter Herring (plaintiffs) purchased property which abutted the western side of Old Hickory Woods subdivision. Sycamore ended at plaintiffs' property line. Plaintiffs mowed the weeds in the roadbed, cleaned the ditches, and began using the unpaved portion of Sycamore to access their property. They built a house facing Sycamore and poured a concrete driveway which connected with the end of Sycamore.
About the time construction of the home was complete, defendant advised Mrs. Herring and Mr. Herring's father that the unpaved portion of the road was his private property. He requested that plaintiffs not use the road. They continued to use it, however. On November 20, 1987, plaintiffs filed suit against defendant to enjoin him from preventing them from using the road. During the pendency of the suit, on November 16, 1989, the APPJ met. It unanimously voted to accept the paved roads in Old Hickory Woods subdivision into the parish maintenance system, to reject from the maintenance system any road that was not hard surfaced, and to revoke the tacit dedication of any unpaved road in that subdivision.[1] Relying on this revocation, defendant answered and reconvened on January 31, 1990, asserting the property had reverted to his private ownership by the revocation of the dedication.[2] Defendant sought to enjoin plaintiffs from using the road. At a status conference, the trial court ordered plaintiffs to add the APPJ as a defendant. Plaintiffs then supplemented and amended their petition, alleging that the APPJ was outside its authority in revoking the dedication and that the revocation was invalid.
After a bench trial, the trial court dismissed plaintiffs' suit and rendered judgment in defendant's favor on the reconventional demand, enjoining plaintiffs from entering on the property and denying them ingress and egress across the unpaved portion of the roadway. The APPJ is not mentioned in the judgment.
Plaintiffs have appealed, contending APPJ failed to give the public proper notice of its contemplated revocation of a public dedication. They further contend the property was neither abandoned nor unnecessary for public purposes and thus the revocation was improper.
Louisiana Revised Statute 48:713 requires advertisement in the parish's official journal of a proposed ordinance to revoke a dedication. However, that statute applies only to St. Tammany Parish, the City of Slidell, and parishes, excluding Orleans, which have populations of more than 325,000 persons. The statutes governing revocations in parishes of less than 325,000 persons, R.S. 48:701-704, contain no public notice provisions, although R.S. 48:703 mentions "publication of the public notice of abandonment."[3] We note, however, *1163 that in most, if not all, of the reported cases involving revocations, public notice was given prior to the revocation.[4] In Miller v. Calcasieu Parish Police Jury, 441 So.2d 306, 308 (La.App. 3d Cir.1983), writ denied, 444 So.2d 121 (La.1984), the court referred to publication on three occasions of notice of intent to abandon in a local journal as "the normal procedure that is customarily accepted as policy in these type abandonment matters."
There is no evidence in the record of this case that public notice of any sort was given. Defendant testified he had no knowledge of any advertisement regarding the revocation. Gwen LeBlanc, secretary/treasurer of the APPJ for more than 18 years, testified the police jury had no procedure for official advertisement of intent to revoke a dedication. She further testified that to her knowledge there is no other means whereby the public is notified of the pending revocation of the dedication of a public road by the APPJ. Mr. Herring testified he learned of the revocation after the fact from a friend of his at work.
Without some reasonable form of public notice, members of the public have no opportunity to present opposition to a proposed revocation to a police jury. And without hearing both sides of the issue, how can a police jury make an informed decision that a road has been abandoned or is no longer necessary for public use?
In Caz-Perk Realty v. Police Jury, 22 So.2d 121 (La.1945), the Louisiana Supreme Court stated:
It is our opinion, therefore, that when the Legislature delegated to the police juries and municipal corporations of this state full power and authority over the revocation of dedicated streets, roads, and alleyways that have been abandoned or are no longer needed for public purposes, it is necessarily within the scope of the police power thus delegated to these political bodies by the Legislature to look into and determine whether the street is an abandoned street or is no longer needed for public purposes and it is the well-settled jurisprudence that courts will not interfere with the functions of police juries or other public bodies in the exercise of the discretion vested in them unless such bodies abuse this power by acting capriciously or arbitrarily.
22 So.2d at 124 (emphasis added). "Capriciously" has been defined by our courts as a conclusion reached with no substantial evidence to support it or a conclusion contrary to substantiated competent evidence. Torrance v. Caddo Parish Police Jury, 119 So.2d 617, 619 (La.App. 2d Cir.1960). Thus, a public body which decides to revoke a dedication with no evidence to support that conclusion has acted capriciously.[5]See Sylvester v. St. Landry Parish Police Jury, 461 So.2d 534, 538-539 (La.App. 3d Cir.1984), writ denied, 462 So.2d 1266 (La. 1985); Luneau v. Avoyelles Parish Police Jury, 196 So.2d 631, 633-634 (La.App. 3d Cir.1967).
Defendant was present at the APPJ meeting at which the dedication was revoked. He testified there was no testimony presented to the police jury that plaintiffs were using the road and had been since 1985. There is no other evidence in the record regarding whether any testimony at all was received, although that seems improbable since no notice was given to the public. We find that the decision made by *1164 the APPJ to revoke the dedication of the road in question was made capriciously because the record shows more likely than not it was made without sufficient evidence to determine whether the road was abandoned at the time of the revocation or whether it was necessary for public use.
For the foregoing reasons, we find the trial court committed legal error.[6] We thus hereby reverse the judgment on the main demand and render judgment in favor of plaintiffs, Allen Dale Herring and Martha Carpenter Herring, and against defendant, Johnny R. Guitreau, enjoining defendant from prohibiting plaintiffs or their invitees from the use of the westernmost sixty (60') feet of Sycamore Avenue and permitting plaintiffs to maintain the unimproved portion of that roadway. We further reverse the judgment of the trial court on the reconventional demand and render judgment in favor of plaintiffs dismissing defendant's reconventional demand. All costs of trial and appeal are to be borne by defendant, Johnny R. Guitreau.
REVERSED AND RENDERED.
EDWARDS, J., concurs.
NOTES
[1] Much controversy surrounds the minutes of this meeting. The preliminary draft of the minutes provided only that any road not hard surfaced would not be accepted in the parish road system. The final version of the minutes, however, added the following language: "and any tacit dedication of any such area that may have resulted in any manner is hereby revoked, abandoned and rescinded."
[2] LSA-R.S. 48:701 provides in pertinent part: "Upon such revocation, all of the soil covered by and embraced in the roads, streets, or alleyways up to the center line thereof, shall revert to the then present owner or owners of the land contiguous thereto." Defendant owned the land contiguous to the unpaved street.
[3] LSA-R.S. 48:703 provides that any person claiming any interest in any property abandoned in an exchange as provided under LSA-R.S. 48:702 must file suit to establish the right claimed "within six months after the date of publication of the public notice of abandonment."
[4] See, e.g., Sylvester v. St. Landry Parish Police Jury, 461 So.2d 534, 538 (La.App. 3d Cir.1984), writ denied, 462 So.2d 1266 (La.1985); Miller v. Calcasieu Parish Police Jury, 441 So.2d 306, 308 (La.App. 3d Cir.1983), writ denied, 444 So.2d 121 (La.1984); Luneau v. Avoyelles Parish Police Jury, 196 So.2d 631, 633 (La.App. 3d Cir.1967); Torrance v. Caddo Parish Police Jury, 119 So.2d 617 (La.App. 2d Cir.1960).
[5] In fact, the Louisiana Supreme Court has set forth seven specific material considerations a public body should consider before revoking a dedication: (1) the topography of the property surrounding the street in light of ingress and egress to other streets; (2) the relationship of the street in the road system throughout the subdivision; (3) the problem posed by the "dead end" of the street; (4) the width of the street; (5) the cost of rebuilding and maintaining the street as contrasted to its ultimate value to all the property in the vicinity; (6) the inconvenience of those visiting the subdivision; and (7) whether closing the street would cut off any property owners from access to a street. Caz-Perk Realty v. Police Jury, 35 So.2d 860 (La. 1948).
[6] Another compelling reason to reverse the trial court's decision, although raised by neither party in the trial court or on appeal, is that the APPJ revoked only "any tacit dedication." Unquestionably, the dedication in question was statutory; defendant complied with the provisions of LSA-R.S. 33:5051. A tacit dedication of a public road is made when the parish governing authority maintains the road for three years with actual or constructive knowledge of the adjoining landowners. LSA-R.S. 48:491(B); Moret v. Williams, 582 So.2d 975 (La.App. 1st Cir.1991). It is undisputed (and the trial court so stated in its findings of fact) that the APPJ never maintained the road in question. Thus, the APPJ revoked nothing when it revoked "any tacit dedication."