Dear Ms. Roper,
You have requested an opinion of this Office as to whether the Metropolitan Council of the City of Baton Rouge and the Parish of East Baton Rouge (collectively referred to herein as "EBR") would be in violation of the provisions of Articles I, VI, or VII of the Louisiana Constitution of 1974 if it elects to declare that property immediately adjacent to a public sewer treatment plant as needed to create a "buffer zone."[1] After declaring this area as a buffer zone, EBR would then voluntarily purchase the private property surrounding the plant to establish the actual separation of private landowners from the sewer treatment plant, thus creating the "buffer zone".
Factual History
EBR operates a waste treatment plant in north Baton Rouge, which began operating in 1960 and has experienced several expansions. The most recent expansion was initiated in 1997 and completed in 1998. As your request explains, this sewer treatment plant was formerly at the heart of a lawsuit filed (in 1996) by landowners surrounding the plant seeking damages for inconvenience, mental suffering, and property damages, allegedly caused by the operation of the plant.[2] *Page 2 
In the case noted above, the First Circuit Court of Appeal overturned much of the trial court's decision to award damages to the various Plaintiffs.[3] The trial court had held that there were valid claims for damages by several of the Plaintiffs, and also dismissed other Plaintiffs' claims because of their failure to appear in Court, failure to be close enough to the sewerage plant to establish damage, and failure to establish ownership to the property at issue in the case.[4] Subsequently, the First Circuit Court of Appeal, in the unpublished opinion, overturned a great majority the trial court's decision, reversing much of the awarded stigma, discomfort, and inconvenience damages and further holding that only one of the Plaintiffs had proven actual damages (but in an amount far less than that found at the trial court).[5]
Because the First Circuit decision was not overturned by the Supreme Court, it fundamentally established that the Plaintiffs'claims for damages of inconvenience, mental suffering, and property damages, allegedly caused by the operation of the plant were not valid claims.
You note that "[r]ecently, a number of the Plaintiffs from the lawsuit described above have approached the Metro Council complaining of the operation of the plant, the same complaints made in the courts and requesting that the Metro Council authorize the City/Parish to purchase the property adjacent to the plant, allowing those residents to move." While the factual history above sets the background for your current opinion request, this judicial decision (denying the Plaintiffs allegations of damages caused by the sewerage plant), does not effect EBR's authority to make decisions with regard to creating a buffer zone around the sewerage plant. Therefore, this decision must be considered independently under each of the Constitutional provisions at issue.
La.Const. Art. I § 4
Article I § 4 of the Louisiana Constitution sets forth the general premise that "[e]very person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property."[6] While everyone has the right to acquire, own, control, use, enjoy, protect, and dispose of his/her private property, the Constitution goes on to state that "[t]his right is subject to reasonable statutory restrictions and the reasonable exercise of the police power."[7] *Page 3 
You specifically ask whether declaring a buffer zone and acquiring the property surrounding the sewer treatment plant is a violation of La.Const. Art. I § 4(B)(1). This provision states that:
 [p]roperty shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit.
La.Const. Art. I § 4(B)(2) further states, in pertinent part, that, under La.Const. Art. I § 4(B)(1), "public purpose" shall be limited to the following:
 (b) Continuous public ownership of property dedicated to one or more of the following objectives and uses:
 *** (v) Public utilities for the benefit of the public generally.
 *** (c) The removal of a threat to public health or safety caused by the existing use or disuse of the property.
Under La.Const. Art. I § 4(B)(1), if the property is acquired in a method other than gift or grant (purchase, condemnation proceeding, or otherwise), for a public purpose, then just compensation must be paid to the owner. Pursuant to Subsection (B)(2), subsections (b) and (c), it appears that EBR will not be in violation of La.Const. Art. I § 4 if this "buffer zone" is created for one of the public purposes listed therein.
Therefore, if the property to establish the "buffer zone" is purchased from the current owners, it must be purchased for a public purpose and just compensation must be paid in exchange for the property.
La.Const. Art. VI § 23
La.Const. Art. VI § 23 states that:
 [s]ubject to and not inconsistent with this constitution and subject to restrictions provided by general law, political subdivisions may acquire property for any public purpose by purchase, donation, expropriation, exchange, or otherwise. *Page 4 
La. R.S 33:1329 provides the general law by which political subdivisions may acquire property. It states:
 [a]ny parish or municipality or commission appointed under this part may acquire by gift, grant, purchase, or condemnation proceedings or otherwise, all property, including rights-of-way, necessary to effectuate arrangements concluded under the terms of this Part. Where condemnation is necessary, the parish or municipality shall follow the procedures which, under existing law, govern its acquisition of property by condemnation.
In addition to this authority of the parish to acquire property, La.R.S. 33:1236 states, in pertinent part, that:
 [t]he police juries and other parish governing authorities shall have the following powers:
 *** (20) To pass all ordinances and regulations which they deem necessary to govern and regulate the laying out of subdivisions, resubdivisions, roads, streets, alleys, ways, subways, viaducts, bridges, parks, parkways, boulevards, playgrounds, community centers and other public buildings, grounds, or improvements, and the location, re-location, widening, removal, vacation or extension or other improvements of such existing public works; the platting of land into lots, roads, streets, and other dedicated or private ways; the location, re-location, development, routing, and re-routing of transit and transportation lines, which in the opinion of the police jury are in the interest of the systematic planning of the parish.
Considering La. R.S 33:1329 and La.R.S. 33:1236(20) in tandem, EBR has the authority to acquire immovable property, the authority to use its property as a park, and the authority to expand or improve existing public works. These powers would consequently include purchasing property for a public purpose and declaring that area as a buffer zone, public park, and/or improvement to the current sewer plant.
La.R.S. 33:3981 also provides the governing authorities of any sewerage districts with the authority "to establish, acquire, construct, improve, extend and maintain within said district a sewerage system or systems, including such sewerage disposal facilities as may be required." Establishing a "buffer zone" around the sewer plant at issue could easily be considered an improvement of the current sewer plant.
It is the opinion of this Office that there will be no violation of La.Const. Art. VI § 23 if EBR decides to acquire property surrounding the sewer plant at issue for the purpose of *Page 5 
creating a buffer zone around the plant, provided it deems such a purchase to be public purpose. Since a determination of this sort is purely policy and factually based, this Office can only render an opinion on the matter using the facts with which we are supplied. Filing a declaratory judgment action in a court of competent jurisdiction would likely be the most efficient way of achieving a proper determination as to whether creation of such a buffer zone serves a valid public purpose. However, this Office has noted in prior opinions that "the exercise of a [local government's] functions `is subject to much discretion and has traditionally been judicially granted much latitude."`[8] The Second Circuit Court of Appeal has additionally held that "[g]enerally an abuse of discretion results from a conclusion reached capriciously or in an arbitrary manner."[9] Therefore, as long as EBR's decision is not arbitrary or capricious, it will most likely be upheld by the judicial system.
La.Const. Art. VII § 14
La.Const. Art. VII, § 14 sets forth the general prohibition against public entities gratuitously alienating public funds or property. It provides, in pertinent part, the following:
 (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .
Article VII, § 14 "is violated when public funds or property are gratuitously alienated."[10] It has been the consistent opinion of this Office that in order for an expenditure of public funds to be permissible under Louisiana Constitution Article VII, § 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds.[11] *Page 6 
In considering element (i) above, the objectives of EBR in the current situation, the public purpose, under the facts set forth in your opinion request, would be rooted in improving the facility of the sewer plant (a public utility for the benefit of the public generally) and also in providing public health and safety benefits. Additionally, considering the history of the legal issues surrounding this particular sewer plant, another benefit of purchasing the property and creating this buffer zone will be prevent future lawsuits by surrounding landowners that may hinder or impede the operation of the sewer plant at this location, which would also benefit the general public.
Because La. R.S 33:1329, [12] La.R.S. 33:1236(20)[13], and La.R.S. 33:3981[14] provide EBR with the legal authority to acquire property for the purposes of improving the sewerage plant, and in considering this first element, it is our opinion that EBR can expend public funds for acquiring property to create a buffer zone around the sewer plant, provided EBR determines this to be a public purpose.
In considering elements (ii) and (iii) above, La.R.S. 33:4712.10 states, in pertinent part, that:
 [n]otwithstanding any other provision of law to the contrary, no political subdivision shall purchase immovable property with a value greater than three thousand dollars unless prior to such purchase the property has been appraised by a qualified appraiser.
Therefore, as long as EBR pays fair market value for any immovable property purchased, these elements should easily be satisfied. Fair market value means the price at which property would change hands between a willing buyer and a willing seller when neither party is under any compulsion to buy or sell, and both parties have a reasonable knowledge of relevant facts.[15] This Office has consistently held that "[t]he purchase of immovable property for a price that exceeds the appraised value of the property would be tantamount to a donation of public funds; and therefore, a violation of Article VII, § 14(A) of the 1974 Constitution.[16] *Page 7 
CONCLUSION
Declaring that property immediately adjacent to a public sewer treatment plant is needed to create a "buffer zone," and the subsequent acquisition of this property, would not be in violation of the provisions of La.Const. Art. I § 4, La.Const. Art. VI § 23, or La.Const. Art. VII § 14, provided the Metropolitan Council of the City and Parish of Baton Rouge finds that there is a public purpose associated with such an action.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:________________ DANIEL D. HENRY JR. Assistant Attorney General
 JDC/DDH/jv
[1] In subsequent communications with this Office, you noted that you were specifically concerned with La.Const. Art. I § 4, La.Const. Art. VI § 23, and La.Const. Art. VII § 14.
[2] Mitchell, et al. v. East Baton Rouge Parish, et. al, 09-1076 (La. App. 1 Cir. 7/16/10) 2010 WL 2889572, overrulingMitchell, et al. v. East Baton Rouge Parish, et. al, No. 432,169 Div. M, Section 26, 19th Judicial District Court, State of Louisiana.
[3] Id.
[4] Id.
[5] Id.
[6] La.Const. Art. I § 4 (A).
[7] Id.
[8] La. Atty. Gen. Op. No. 06-0011, citing La. Atty. Gen. Op. No. 90-0289 and Torrance v. Caddo Parish PoliceJury, 119 So.2d 617 (La. App. 2 Cir. 1960).
[9] Torrance v. Caddo Parish Police Jury,119 So.2d 617, 619 (La. App. 2 Cir. 1960).
[10] Board of Directors of the Industrial Development Board ofthe City of Gonzales, Louisiana, Inc. v. All Taxpayers, PropertyOwners, Citizens of the City of Gonzales, et al., 2005-2298 (La. 9/6/06), 938 So.2d 11, 20.
[11] See
La. Atty. Gen. Op. Nos. 10-0171, 09-0271, 09-0259, 09-0251, 09-0146 and 07-0050A.
[12] Providing the authority to acquire property.
[13] Providing the authority to regulate the laying out of parks, other public buildings, grounds, or improvements, and the location, re-location, widening, removal, vacation or extension or other improvements of such existing public works.
[14] Providing the authority to establish, acquire, construct, improve, extend and maintain sewer systems or sewerage disposal facilities.
[15] La. Atty. Gen. Op. No. 09-0293. citing La. Atty. Gen. Op. Nos. 08-0226, 06-0236.
[16] Id., citing La. Atty. Gen. Op. Nos. 08-0226, 99-251, 89-581.