OVERTON,'J.
John Taylor, who was the husband of the plaintiff, was insured by defendant on October 27, 1919. The policy provides for the payment of various benefits, under various conditions, no one of which it is necessary to mention, with the exception of the one for funeral expenses. This benefit was fixed by the policy at $85.
The insured died on March 27, 1921, and his widow, as beneficiary, brought the present suit in the First city court in and for-the city of New Orleans to recover the $85 mentioned, and obtained judgment in that court; defendant, however, appealed to the Court of Appeal for the Parish of Orleans, where the judgment was reversed. The judgment of the latter court is now before us on a writ of review.
The policy provides that:
“This policy, if void for nonpayment of premiums due, shall be deemed to have lapsed at the noon hour, central standard time, on the day when said premium became past due, but may be conditionally revived upon proper application and the payment of all revival arrears, but only to include or cover the effects of such injury or disease as shall be received or contracted after the expiration of the revival period of twenty-eight days, beginning at the noon hour, central standard time, of the day said application and revival arrears shall be received by an officer of the company, at the home office, otherwise the payment of said arrears without said application, shall be deemed a representation by the insured that he is in sound and whole and healthy condition, mentally and physically, and desires the revival of this policy, and if said representation is true, and in that case only, the said arrears, paid and received as aforesaid, shall operate to revive this policy at the time, and to the extent hereinbefore provided; but-if the said representation, is not in all respects true, or if at the expiration of said revival period of twenty-eight days the insured is not in sound and whole and healthy condition, mentally and physically, the liability of the company shall be limited to-the return of any,such arrears and premiums as may have been paid to effect such, revival and thereafter renew this insurance, and any tender of the amount of said arrears- and premiums so paid, either by cash or check, shall release the company of all liability under-this policy.”
The initial payment on the policy was. 25 cents, and the amount to be paid thereafter was $1 every four weeks. Four weekly premiums of 25 cents each matured at. noon on February 21, 1921, but were not paid until February 28 of that year, when an amount was received sufficient to pay the arrears and future premiums up to and including the week beginning April -4, 1921.
The defendant avers that it tendered the , amount sof the premiums, which, qnder the-policy, it was called upon to return, and no question concerning their return, or the tender, is urged before us.
It is clear that the policy lapsed for nonpayment of the premiums due at noon on. February 21, 1921. It is equally clear that the insured was reinstated, under the terms, of the policy, on February 28, 1921, by the mere payment of the arrears and of the premium maturing on that date, provided, at least, he was then sound in body and mind, and had not contracted the disease of which he died. He contracted that disease-after the revival of the policy, and, in fact died of it within 28 days thereafter. Hence-under the terms of the policy, the $85 benefit claimed is not due, for the policy provides-that it shall cover “only the effects of such injury or disease as shall be received or contracted after the expiration of the revivaL period of 28 days.”
Plaintiff, however, contends that defendant is estopped to deny liability under the policy, because not only did the latter- *743 accept the premiums mentioned, but on other occasions, after the policy had lapsed, accepted those then due and in arrears, and that the effect of its having done so was to keep the policy, so long as there were no premiums due and unpaid, in full force and effect, in every particular, as if it had never lapsed.
We think, however, that the payments must be deemed to have been made and accepted under those provisions of the policy relating to reinstatement. By accepting them, defendant did not give the insured to understand that the 28-day period was waived. In the absence of anything to the contrary, the insured was justified only in believing that the payments were accepted under the terms- of the policy, which fixed the effect of receiving them.
Plaintiff contends, however, that such a ruling as the present one is inconsistent with our former jurisprudence, and cites decisions of this court to support her view, but we think that these decisions are easily differentiated from the present ease. One of them is that of Gunther v. Mutual Aid Association, 40 La. Ann. 776, 5 South. 65, 2 L. R. A. 118, 8 Am. St. Rep. 554. In that case the defendant was an association composed of members of the Cotton Exchange, and those who had access to its rooms, among whom was Julius Aroni, the father of the plaintiffs. On the death of a member, assessments were levied against the remaining members to pay the amount due his beneficiaries, notice of which was given, under the rules of the association, by posting in the rooms of the Cotton Exchange. In the course of time, Aroni severed his connection with the exchange, and therefore no longer had access to its rooms. The court stated that the defendant might have adhered to the hard lines of its contract by giving notice only by posting, but instead departed from them, and notified Aroni by mail, as assessments were levied. Upon receipt of notice, he paid the assessments. Finally Aroni fell sick, and one or two notices were received, and payment was made, but later there were two assessments of which no notice was sent, and those interested, not having knowledge of them, did not pay them as they were levied. Aroni was then suspended for their nonpayment. His beneficiaries, learning of those two some days afterwards, tendered payment,- and demanded the reinstatement of Aroni, which was refused. The latter died a few days later, and in a suit to recover on the policy this court held that defendant was liable. This ruling, however, is based on the. fact that the defendant, by its course of conduct, led Aroni to believe that he could rely on notice being mailed him, and, when it failed to mail it, it could not be heard to say that the only notice required was by posting, whereas, in the case now before us for determination, nothing was done by defendant to lead the insured to believe that the policy would be reinstated with the same effect as if- it had not lapsed; nor did it do anything to lead him -to believe that he could delay the payment of premiums.
Plaintiff also cites Lawrence v. Penn Mutual Life Ins. Co., 113 La. 87, 36 South. 898, 1 Ann. Cas. 965, and other cases, for the purpose of showing that forfeitures are not favored by the law. We do not for one moment question the- correctness of that doctrine, but its application here cannot grant plaintiff the relief for which she prays-For the reasons assigned, the writ of review issued herein is recalled, at plaintiff’s costs.
DAWKINS, J., dissents.
Rehearing refused by the WHOLE COURT.