### WILLIAMS v. CONTINENTAL LIFE INS. CO. OF ST. LOUIS, MO.

#### No. 4526.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1933.

Rehearing Denied July 15, 1933.

Irion & Switzer and C. B. Emery, all of Shreveport, for appellant.

John G. Gibbs, of Shreveport, for appellee.

DREW, Judge.

On October 3, 1931, plaintiff secured with the defendant company a sick and accident policy, and paid the premium of $2.45, which paid the policy up until November 1, 1931, at which time a like amount was due to extend the policy for another month. Plaintiff failed to pay the second premium until November 7, 1931, which premium was accepted by defendant. On November 21, 1931, plaintiff was visited by a doctor who made a certificate to the illness of plaintiff, and in that certificate stated that the illness was first contracted three or four days before November 21, 1931. Plaintiff demanded sick benefits, under the provisions of the policy, covering a period of nine weeks at $10 per week, which demand was refused by defendant. He then filed this suit praying for double the amount due for sickness, plus 20 per cent. for penalties and $250 for attorney's fees, all because of the arbitrary refusal of the defendant to pay the sick benefits provided for in said policy.

Defendant denied owing plaintiff anything, under the provisions of the policy.

The lower court awarded plaintiff double the amount due for eight weeks' sickness, plus $50 attorney's fees, and defendant has appealed.

The defense is based upon the following provision in the policy, under the heading, "Miscellaneous Provisions" (J): "The payment of a past due monthly premium shall not continue this insurance in force beyond the first day of the succeeding month"; and under section 3, heading, "Standard Provisions," which reads as follows: "If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of a premium by the Company or by any of its duly authorized agents shall reinstate the policy but only to cover accidental injury thereafter sustained and such sickness as may begin more than ten days after the date of such acceptance."

There is no contention made by plaintiff that this provision of the policy is not binding and enforceable, and the courts of this state have held such a provision to be enforceable between the insurer and the insured. Richardson v. American National Insurance Company, 18 La. App. 468, 137 So. 370.

This being true, the only question for determination is when plaintiff's sickness began. The policy lapsed for nonpayment of premium on November 1, 1931, and was reinstated on November 7, 1931, by the acceptance of the monthly premium by defendant, and, under the above-quoted provision of the policy, defendant was not liable for sick benefits unless the sickness began more than ten days after November 7, 1931. The doctor in his certificate says the sickness began three or four days before November 21, 1931. The plaintiff testified in answer to questions propounded by his attorney that his sickness began exactly two weeks before he called in the doctor on November 21, which would make the date of the beginning of his sickness on the very day that he was reinstated. This is the only evidence on this point in the record, and is, we think, binding on the plaintiff, and clearly takes his claim out of the provisions of the policy requiring the payment of sick benefits. His sickness began within less than ten days after the policy was reinstated, and he cannot recover.

The judgment of the lower court is incorrect, and it is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed and the demands of plain-

tiff rejected. This suit was filed under the statute (Act No. 156 of 1912, as amended by Act No. No. 260 of 1918), authorizing the filing and prosecution of suits in forma pauperis, and plaintiff therefore cannot be adjudged to pay the costs of court.