## THOMAS v. FIRST NAT. LIFE, HEALTH & ACCIDENT INS. CO.*
### No. 14811.

Court of Appeal of Louisiana. Orleans.
Nov. 14, 1934.

Normann & McMahon and Harold M. Rouchell, all of New Orleans, for appellant.

H. J. Moore, of New Orleans, for appellee.

JANVIER, Judge.

Philip Thomas, having received injuries which disabled him for a period of twelve

---

*Rehearing denied December 10, 1934.

weeks, seeks recovery under a health and accident policy issued to him by First National Life, Health & Accident Insurance Company.

He also charges that payment of the amount claimed to be due, to wit, $96, has been withheld arbitrarily and not upon just and reasonable grounds, and he, therefore, claims an additional sum of $96 as a penalty, and also an attorney's fee of $75, which he alleges to be reasonable. The penalty and the attorney's fee are alleged to be due because of the provisions of Act No. 310 of 1910.

The insurance company denies liability for any sum whatever. It sets up two alternative defenses:

First, it contends that, although for reasons which we shall hereafter discuss, no payment was due under the policy, nevertheless it made payment of $24, as a compromise and in full settlement of the claim, and that thus, the entire obligation, if any ever existed, has been extinguished; and,

Second, it contends that no payment at all was or is due because the accident which caused plaintiff's injuries occurred during a period in which the policy was suspended, or, to use a colloquial expression common among those familiar with this type of policy, was "out of benefit." It is conceded that the sum of $32 was paid to plaintiff, the $24 which defendant paid as a compromise and an additional $8, which defendant claims was later paid in error.

In the trial court there was judgment for $64, the court being of the opinion that defendant should pay $8 per week for 12 weeks, but should receive credit in the amount already paid, to wit, $32. The claim for the penalty and attorney's fee was rejected.

The premiums were required to be paid under the policy each week. There was in the policy a stipulation reading as follows:

"This policy shall not lapse for non-payment of premiums until the premiums for four (4) Mondays are in arrears. The Insured, however, shall not be entitled to sick or accident benefits when premium payments are in arrears two (2) Mondays or more, and the subsequent payment of such full arrears, shall not entitle the Insured to benefits for sickness or accident occurring or existing during the week following such payment of arrears. * * *"

█ The evidence shows conclusively that on the 13th of July, which was a Monday, a payment fell due. Therefore another payment fell due on the following Monday, to wit, July 20th, and still another on Monday,

July 27th, and a third fell due on Monday, August 3d, on which last-mentioned day all three past-due premiums were paid. When they were paid the policy had been "in arrears two (2) Mondays or more," and, therefore, under the policy stipulation set forth above, the insurance protection had automatically been suspended until the expiration of one week "following such payment of arrears." The payments in arrears were made on August 3d, and, therefore, the protection or coverage of the policy did not again attach until August 10th. In the meantime, to wit, on August 8th, the disability commenced. Consequently, unless, for some legal reason, the policy stipulation cannot be enforced, no payment was or is due for disability resulting from that accident.

We are given no reason for holding the said provision inoperative. The purpose of such a stipulation is very evident. It is to prevent an insured, who has allowed his policy to become suspended and who may feel that illness is impending, from rushing in to pay his overdue installments, so that, by the immediate reinstatement of the protection of the policy, he may secure the weekly benefits provided for. It is contemplated by the company that an impending illness will not make itself manifest so much as a full week in advance of the time at which disability may result and that, therefore, if payment of arrears is made at least a week before disability commences, any payment made was probably made in good faith and not in contemplation of an already manifested illness.

█ Such a stipulation is reasonable, and we find that similar ones have been judicially determined to be enforceable. See Taylor v. Latin-American Life & Cas. Ins. Co., 152 La. 740, 94 So. 375; Williams v. Continental Life Ins. Co. (La. App.) 149 So. 150; Clark v. Mutual Ben. H. & A. Assoc. (La. App.) 146 So. 497; Richardson v. Amer. Nat. Ins. Co., 18 La. App. 468, 137 So. 370; Sincer v. Latin Amer. Ins. Co. (La. App.) 122 So. 909.

Since there was no liability at all under the policy for disability resulting from injury sustained until one week after the past due premiums had been paid, it is unnecessary that we consider the other question involving the alleged compromise, nor that we consider the question of whether Act No. 310 of 1910 is applicable.

The judgment appealed from is annulled, avoided, and reversed, and plaintiff's suit is dismissed, at his cost.

Reversed.