196 So.2d 680 (1967)
Henry SHOLES
v.
CONTINENTAL CASUALTY COMPANY.
No. 2435.
Court of Appeal of Louisiana, Fourth Circuit.
March 6, 1967.
Rehearing Denied April 3, 1967.
*681 Garrett & Carl, William A. Summers, III, New Orleans, for plaintiff-appellee.
Deutsch, Kerrigan & Stiles, Francis G. Weller, for defendant-appellant.
Weller, New Orleans, for defendant-appellant.
Before YARRUT, SAMUEL and CHASEZ, JJ.
SAMUEL, Judge.
This is a suit for indemnity allegedly due under an insurance policy.
Effective March 20, 1964 defendant issued to plaintiff a health and accident insurance policy under which, in addition to indemnity for accidental loss of life and for sickness, it was required to pay weekly indemnity of $40 for accidental disabling injury occurring while the policy was in force. A monthly renewal premium of $10.45 was due on the first of every month and May 1, 1964 was the first renewal premium due date.
The policy provided that, subject to a grace period of 10 days and the consent of the defendant, it was renewable for further consecutive periods by payment in advance of the monthly renewal premium and the defendant's acceptance of premium constituted its consent to renewal; unless so renewed it terminated at the expiration of the period for which the premium had been paid. Plaintiff's premium receipt book covering the time here pertinent stated: Payments must be made in advance, on or before the first day of the month in which due; the insured would receive no notice that payment was due; he should keep up his payments; and if he could not locate his agent he should send payment with the receipt book, which book would be returned to him, either to the defendant, giving its Chicago address, or to the defendant's local office in New Orleans, giving that address.
The portions of the policy provisions pertinent to this controversy read as follows:
"REINSTATEMENT: If any renewal premium be not paid within the time granted the Insured for payment, a subsequent acceptance of premium by the Company or by any agent duly authorized by the Company to accept such premium, without requiring in connection therewith an application for reinstatement, shall reinstate the policy; * * *. The reinstated policy shall cover only loss resulting from such accidental injury as may be sustained after the date of reinstatement * * *. Any premium accepted in connection with a reinstatement shall be applied to a period for which premium has not been previously paid, but not to any period more than sixty days prior to the date of reinstatement."
Premiums were paid by plaintiff to an authorized agent of the defendant who called at plaintiff's home to collect them. But of the twelve payments made through the month of June, 1965 only two appear to have been made within the grace period; the balance were paid tardily, usually by one or two weeks after the expiration of the grace period. All payments were made whenever the agent stopped at plaintiff's home, his calls appear to have been late on all but the two occasions when timely payments were made, and plaintiff made no attempt to pay any premiums except *682 on those occasions when the agent did call. The agent was on vacation during the month of May, 1965 and the premium for that month was not paid until June 12, 1965, when he again called at plaintiff's home.
Plaintiff became disabled from an accidental injury on May 21, 1965 and remained disabled for a period stipulated by the litigants to have been seven weeks. The trial court judgment is in favor of plaintiff in the amount of $280, which represents indemnity at the rate of $40 per week for seven weeks, and defendant has appealed. The sole question presented in the trial court and here is whether or not the policy afforded coverage on the date plaintiff sustained the injury.
Defendant contends the June 12, 1965 premium payment was applied, properly under the reinstatement provision quoted above, to the delinquent May, 1965 premium, such payment had the effect of reinstating the policy only as of June 12, 1965, the payment date, and the policy was not in force on the date of the disabling accidental injury, May 21, 1965. The judgment appealed from is based principally on a finding by the trial court that the above quoted portions of the reinstatement provision are ambiguous in that they do not establish with certainty whether the date of reinstatement is the date upon which the renewal premium was accepted by the defendant's agent (June 12, 1965) or the first day of the policy period to which the late premium was applied by the defendant (May 1, 1965). Relying on the rule that in giving effect to an insurance contract all ambiguities must be construed in favor of the insured and against the insurer, the trial court held that the reinstatement date was retroactive to the first day of the policy period to which the premium was applied, i. e., the first day of the month of May, 1965, so that the policy afforded protection during that entire month. Counsel for plaintiff also contends the defendant is estopped from denying coverage under the policy during May because of its prior course of conduct in accepting past due premiums.
It is quite true, as plaintiff points out, that under defendant's interpretation of the quoted reinstatement provision a pattern of late premium payments and collections could permit the insurer to receive payments indefinitely on a policy which would be continuously out of benefit. And in the instant case it is clear that, as a result of the late payments, under that interpretation plaintiff's policy did not afford him coverage for a considerable part of the policy period even though full payment of all premiums ultimately was made. But in the absence of statutory provisions to the contrary, insurance companies as well as individuals have the right to limit their liability, and to impose whatever conditions they please upon their obligations, provided such conditions are not inconsistent with public policy; the courts have no right to add anything, or take anything away, from such contracts. And we know of no law in this state prohibiting the use of the reinstatement provision in the instant case under defendant's interpretation thereof. On the contrary, the statutory law specifically permits, and the jurisprudence consistently has approved of, such a provision, as so interpreted, which has been held to be not contrary to public policy. LSA-R.S. 22:213 (A) (2); Cantu v. Fenner, Beane & Ungerleider, 181 La. 743, 160 So. 399; Thomas v. First Nat. Life, Health & Accident Ins. Co., La.App., 157 So. 409; Williams v. Continental Life Ins. Co. of St. Louis, Mo., La.App., 149 So. 150; Clark v. Mutual Ben. H. & A. Assoc., La.App., 146 So. 497; Richardson v. American Nat. Ins. Co., 18 La.App. 468, 137 So. 370; Sincer v. Latin-American Ins. Co., 122 So. 909.
We find no merit in plaintiff's contention that the defendant is estopped from denying coverage because of the latter's prior course of conduct in accepting past-due installments. Waiver or estoppel could result only from a course of conduct inconsistent with the terms of the policy. *683 And here the acceptance of delinquent premium payments is consistent and in accordance with the quoted reinstatement provision which states that acceptance of a delinquent premium by an authorized agent of the defendant, without requiring in connection therewith an application for reinstatement, shall reinstate the policy. Plaintiff was justified in believing only that the payments were accepted under the terms of the policy which established the effect of receiving them. Waiver and estoppel cannot result under these circumstances. Cantu v. Fenner, Beane & Ungerleider, supra; Taylor v. Latin-American Life & Casualty Ins. Co., 152 La. 740, 94 So. 375; Richardson v. American Nat. Ins. Co., supra.
We cannot agree with the trial court finding that the above quoted portions of the policy's reinstatement provision are ambiguous in that they do not establish with certainty whether the date of reinstatement is the date upon which the renewal premium was accepted or the first day of the policy period to which the late premium was applied. Nor can we agree with the conclusion that the reinstatement date was retroactive to May 1, 1965, the month of May being the policy period to which the June 12, 1965 payment was applied.
A valid insurance policy is a contract between the insured and the insurer and under LSA-C.C. Art. 1901, as is true of all other contracts, it is the law between them; the rules for its interpretation are the same as those for other contracts generally; and under LSA-C.C. Art. 1945 we are bound to give legal effect to all valid contracts "according to the true intent of all the parties" which intent is to be determined by the words of the contract when these are clear and explicit and lead to no absurd consequences. Edwards v. Life & Casualty Ins. Co., 210 La. 1024, 29 So.2d 50; Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72, 125 A.L.R. 1075; Hemel v. State Farm Mut. Auto. Ins. Co., 211 La. 95, 29 So.2d 483.
In the instant case the intent expressed in the quoted reinstatement provision is that reinstatement would occur on the date the renewal premium was accepted by the defendant's agent. To hold it occurred on the first day of the policy period to which the delinquent premium was applied would result in rendering meaningless and actually nullifying two portions of the provision.
The first portion to which we refer reads: "The reinstated policy shall cover only loss resulting from such accidental injury as may be sustained after the date of reinstatement * * *." Coverage is expressly limited to accidental injury sustained after the date of reinstatement. But, if the date of reinstatement is the first day of the policy period to which the renewal payment is applied, i. e., the first day on which the policy terminated as a result of nonpayment of premium, in every case in which a delinquent premium payment is accepted every injury sustained at any time while the policy was not in force because of such nonpayment would be sustained after the date of reinstatement. Since there could be no interval of time between the first day of delinquency and the date of reinstatement because those two events would occur on the same date, and despite the plainly expressed intent to provide no coverage during the interval between the time the policy terminated, i. e., the first day of delinquency, and the date of reinstatement, there could be no time when coverage would not be afforded and an express limitation would be read out of the policy.
The second portion to which we refer is the emphasized part of the following sentence: "Any premium accepted in connection with a reinstatement shall be applied to a period for which premium has not been previously paid, but not to any period more than sixty days prior to the date of reinstatement." Again, if the date of reinstatement is the first day of the policy period to which the delinquent payment is applied, the first day of delinquency and the date *684 of reinstatement are the same date, there could not be a period "for which premium has not been previously paid" more (or less) "than sixty days prior to the date of reinstatement", and the emphasized part of the above quoted sentence would be reduced to an absurdity.
We are of the opinion that under its pertinent provisions the policy was out of benefit at the time plaintiff sustained his accidental injury on May 21, 1965 and, accordingly, his demand must be rejected.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the defendant, Continental Casualty Company, and against the plaintiff, Henry Sholes, rejecting the said plaintiff's demand; costs in both the trial court and in this court to be paid by plaintiff.
Reversed.