481 So.2d 747 (1985)
Thomas K. BULLIARD, Jr., Plaintiff-Appellant,
v.
Ward DELAHOUSSAYE, Defendant-Appellee.
No. 84-958.
Court of Appeal of Louisiana, Third Circuit.
December 30, 1985.
Rehearing Denied January 21, 1986.
*748 Daniel G. Guidry, McHugh & Guidry, and J.B. Willis, St. Martinville, for plaintiff-appellant.
Alfred F. Boustany, II, Lafayette, and Paul J. deMahy, St. Martinville, for defendant-appellee.
Before DOMENGEAUX, STOKER and KNOLL, JJ.
KNOLL, Judge.
Three cases which were consolidated for trial and for purposes of this appeal concern one common issue: whether the City of St. Martinville abandoned Longfellow Avenue in accordance with the provisions of LSA-R.S. 48:701. Thomas K. Bulliard, Jr. appeals the trial court's judgment declaring Longfellow Avenue not abandoned and denying him damages for the loss of trees. Bulliard contends the trial court erred: (1) in holding that the City of St. Martinville had not validly revoked the dedication of Longfellow Avenue as a public street; (2) in finding that the attempted abandonment of Longfellow Avenue was arbitrary and capricious; and (3) in concluding that he was not the owner of the eastern half of Longfellow Avenue. For the *749 following reasons we reverse, finding Longfellow Avenue was abandoned; therefore, Mr. Bulliard is entitled to damages and we remand to the trial court for the purpose of allowing Fred Edmond Bulliard, et al. an opportunity to amend their pleadings to state a cause of action for the establishment of a right of passage.

FACTS
We have been favored by the learned trial judge's reasons for judgment thoroughly setting forth the facts which are incorporated herein:
"These three cases primarily were commenced by a series of incidents between relatives and neighbors ...
In the first suit, No. 35,950, Thomas K. Bulliard, Jr. sues Ward Delahoussaye for damages, alleging that on May 1, 1982, he sawed with a gas-powered chain saw rings around seven trees which border his private drive.
In the second suit, No. 38,004, Fred Edmond Bulliard, et al alleged that they are the owners of certain property being Lots Five and Eight of Block Two of the Labbe Subdivision, and that the City of St. Martinville attempted to revoke a dedication of Longfellow Avenue, which is the main exit from their property to Bridge Street or the Catahoula Road in St. Martinville. They claim that the abandonment is null and they seek to have it revoked, and also to have their passage rights be [sic] recognized as against Rae Jones and Margot Delahoussaye and Thomas K. Bulliard, Jr.
The third suit, No. 38,046, against the City also seeks to revoke the abandonment of the dedication of Longfellow Street [sic].
For a better understanding of this opinion, the reader must refer to the plat of the Labbe Subdivision which is copied at the end of this opinion [attached to this opinion as Appendix A]. The Labbe addition [sic] to St. Martinville, Louisiana was laid out by O.O. Gutekunst, Parish Surveyor, on March 11, 1911, and is filed in Plat Book Two, Page 109 of the St. Martin Parish Archives. Through various conveyances Lots 9, 12, 13, 16 and 17 of Block Two were acquired by Mr. and Mrs. Bert Harris, the parents of Rae Jones and Margot Delahoussaye. Lots 5 and 8 of Block Two, which is just north of Lot 9, were acquired by Fred Edmond Bulliard, et al, and the property on the eastern side of Longfellow Avenue was acquired by Thomas K. Bulliard, Jr. All of the lots on Block Two above mentioned have Longfellow Avenue on its eastern side. Longfellow Avenue being 40 feet in width was carved out of the property of T.J. Labbe, the subdivider, and the ancestors in title of Thomas K. Bulliard, Jr. never owned any part of Longfellow Avenue or any part of Block Two.
In the 1930s Mr. and Mrs. Harris constructed a house on their property facing Bridge Street, which is south of Block Two, and Mr. and Mrs. Thomas K. Bulliard, Sr. constructed a house on their property immediately east of Longfellow Avenue.
It should be noted that the mother of Rae Jones and Margot Delahoussaye was Mrs. Delia Bulliard, the father of Fred Edmond Bulliard, et al was Mr. Leo J. Bulliard, and the father of the plaintiff, Thomas K. Bulliard, Jr., was Thomas K. Bulliard, and that these three parents were brothers and sisters.
Very little use was made of Longfellow Avenue other than that by the Harris family and the Thomas Bulliard family, who constructed their houses. Later, Thomas K. Bulliard, Jr. acquired a tract of land to the rear of his father's property on Longfellow Avenue (east of Longfellow Avenue) somewhat opposite approximately Lot 8 of Block Two.
Longfellow Avenue apparently was never laid out by the City and due to the minor use of the parties any work that had been done on the road was done by either Mr. Thomas K. Bulliard or the Harris family or their decendants [sic]. In fact, some large trees were allowed to grow on what is shown on the Labbe *750 Addition plat on Longfellow Avenue, and it is these trees that were ringed, which is the basis of this suit.
Mrs. Delahoussaye and Mrs. Jones allowed a relative to move a trailer in the rear of the Harris house on Longfellow Avenue which was across this avenue from the residence of Thomas K. Bulliard, Jr., which faced the avenue. Mr. Bulliard became distressed about this and apparently there was some unpleasantness with his cousins who permitted this and some bad feelings were created among the families. As a result of this, Mr. Delahoussaye admits ringing the trees and claims that they were merely ringed to mark them for the City in order that the City may clear them out and clear out Longfellow Avenue.
The City of St. Martinville has taken the position that they are disinterested in the results of this lawsuit and they simply submit the matter to the Court for adjudication. They neither claim nor disclaim the title to Longfellow Avenue at this time.
The whole series of cases filed herein boils down to a resolution of who owns Longfellow Avenue. It is the finding of law and the finding of fact by this Court that when sales were made from T.J. Labbe in reference to the plat of the Labbe Addition to St. Martinville, Louisiana, and the depiction of Longfellow Avenue on this plat, that Mr. Labbe in effect and actually dedicated the title to Longfellow Avenue to the City of St. Martinville. At least after March 27, 1911, Longfellow Avenue was owned by the City of St. Martinville, and the subsequent purchasers of property along Longfellow Avenue acquired a right-of-passage down it to Bridge Street.
The evidence shows that the trees marked by the chain saw of Mr. Delahoussaye are in fact located on the eastern half of Longfellow Avenue.
If nothing more was done it would be obvious that Mr. Thomas K. Bulliard, Jr. could not succeed in his lawsuit against Ward Delahoussaye as the facts show that these trees are not on property of Mr. Bulliard but are in fact on property of the City of St. Martinville. However, the major issue of law to be decided in this case was brought about by a resolution of the City Council of the City of St. Martinville. In the year 1957, the City of St. Martinville adopted the following ordinance, which is copied in full:

`ORDINANCE
The following ordinance was offered by Clarence J. Duchamp, seconded by Fred G. Fournet:
Whereas, that portion of Longfellow Street from Bridge Street on the south to the property of Alex Rees on the north and the Town of St. Martinville has never been in fact used for public purposes, has been abandoned by the Town and is no longer needed for public purposes,
Whereas, sufficient authority vests in this Town Council, in its discretion to revoke and set aside the dedication of a portion of said street, under the provisions of Act 382 of the Legislature of the State of Louisiana for the year 1938;
Now therefore, the Mayor and Town Council of the Town of St. Martinville, Louisiana having determined the above portion of Longfellow Street to be abandoned and no longer needed for public purposes,
It is thereby ordained by the Mayor and Town Council, and they do hereby revoke and set aside the dedication to public use of the aforesaid portion of said street. And further, that the Mayor of the Town of St. Martinville, Louisiana be and he is hereby authorized, empowered and directed to execute a formal Act of Revocation before a Notary Public, in and for the Parish of St. Martin, Louisiana, on such terms and conditions as he may see fit, and the actions of the Mayor pursuant to this resolution be and the same are hereby ratified and confirmed.

*751 The above and foregoing ordinance being duly voted upon was unanimously carried and declared adopted by the Mayor.
 S/ A.A. Maraist, Mayor
Attest: C. Thomas Bienvenu, Secretary'
It is of significant note that the Mayor of St. Martinville nor any of his predecessors in office ever executed a formal Act of Revocation before a Notary Public concening this resolution. The resolution, however, was subsequently recorded on the [3rd] day of August, 1981 by Thomas K. Bulliard, Jr. He testified that he secured a copy of the resolution from the City and brought it over to the Clerk of Court and placed it in the conveyance records."

ABANDONMENT
Thomas Bulliard contends that the trial court erred in holding that a formal notarial act of revocation was required before the City of St. Martinville could validly abandon Longfellow Avenue. Succinctly stated, the trial court concluded that since the mayor never executed an act of revocation, as authorized in the municipal ordinance, the city's ordinance was of no effect. We disagree.
LSA-R.S. 48:701 provides:
"The parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all roads, streets, and alleyways laid out and dedicated to public use within the respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes.
Upon such revocation, all of the soil covered by and embraced in the roads, streets, or alleyways up to the center line thereof, shall revert to the then present owner or owners of the land contiguous thereto.
Nothing in this Section shall be construed as repealing any of the provisions of special statutes or charters of incorporated municipalities granting the right to close or alter roads or streets."
R.S. 48:701 neither requires the execution of a notarial act of revocation nor the recordation of the abandonment. However, assuming arguendo that recordation was required, none of the parties have established damages as a result of the failure to record the ordinance of revocation until 1981, and the rights of third parties were not affected by the delay of recordation. Compare Martin v. Fuller, 214 La. 404, 37 So.2d 851 (1948). The sole requirement of the statute is that the governing body of the municipal corporation is authorized to effect a street abandonment if the road in question was abandoned in fact or no longer needed for public purposes. The mayor's execution of the abandonment was not discretionary; the mayor could neither abandon the street on his own accord nor could he have chosen not to abandon under the wording of the city ordinance. Therefore, we conclude that the City Council for the City of St. Martinville complied with R.S. 48:701.
In addition to finding the ordinance an ineffective abandonment of the street, the trial court also concluded that the city council's actions in abandoning Longfellow Avenue were arbitrary and capricious. Thomas Bulliard argues that the city was not arbitrary and capricious in its abandonment of Longfellow Avenue because the street was abandoned in fact and is not needed for public purposes.
Appellate courts will not interfere with the function of public bodies in the exercise of the discretion vested in them in the abandonment of streets unless they abuse their power by acting arbitrarily and capriciously. Caz-Perk Realty v. Police Jury of Parish of East Baton Rouge, 213 La. 935, 35 So.2d 860 (1948). "Arbitrary" implies a disregard of evidence or of the proper weight thereof. "Capriciously" means a conclusion of a commission when the conclusion is announced with no substantial evidence to support it or a conclusion contrary to substantiated competent evidence. Torrance v. Caddo Parish Police *752 Jury, 119 So.2d 617 (La.App. 2nd Cir. 1960). In deliberating the abandonment of a public street, the court in Torrance suggested that the following material factors should be considered before reaching a conclusion:
"[T]he topography of the property surrounding the street in the light of ingress and egress to other streets; the relationship of the street in the road system throughout the subdivision; the problem posed by the `dead end' of the street; the width of the street; the cost of rebuilding and maintaining the street as contrasted to its ultimate value to all of the property in the vicinity; the inconvenience of those visiting the subdivision; and whether the closing of the street would cut off any property owners from access to a street."
A determination of whether a public body's actions are arbitrary and capricious must be made in light of the facts of each individual case. In the present case, it is uncontradicted that the City of St. Martinville never laid out Longfellow Avenue and never maintained it; simply stated, it was never opened. It is obvious that although Longfellow Avenue was dedicated in 1911 and lots along it were immediately sold, there was never a demand or a necessity to open the street for public use. Further there is no outlet to the north for Longfellow Avenue through the Labbe Subdivision, and there are neither street signs nor traffic control advisories on the avenue. It is uncontested that the northern 191.6 feet of the avenue is completely grassed over and not used by any of the parties as a drive, and that the shell drive on the southern 239.5 feet of the avenue dead ends at Thomas Bulliard's concrete driveway, approximately at the beginning of the lots owned by the heirs of Leo Bulliard.
Furthermore, the record indicates that even though the abandonment of Longfellow Avenue was published in 1957 in the local newspaper, none of the litigants filed legal proceedings to attack the abandonment until 1983, a lapse of 26 years. Although neither R.S. 48:701 nor any other related statute provides a prescriptive period within which to contest an abandonment proceeding, our consideration of the objection of Margot Delahoussaye, Rae Jones and the heirs of Leo Bulliard to the abandonment of Longfellow Avenue is tempered by their choice to sleep on their rights to contest the abandonment for such a long course of time. Cf. Davenport's Heirs v. Labauve, 5 La.Ann. 140 (1850). This inaction corroborates and strengthens the testimony that there never was a necessity to open Longfellow Avenue for public use.
The litigants or their families occupy the only three residences on Longfellow Avenue. The parties to these actions are all related and it is evident that they have always used the southern portion of Longfellow Avenue as their personal driveways. None of the parties ever demanded that the City of St. Martinville maintain the avenue; further, the record shows that Thomas Bulliard, Jr. constructed the shell drive, and Margot Delahoussaye and Rae Jones may have occasionally assisted in its upkeep. Large trees have grown within the avenue right of way. Margot Delahoussaye and Rae Jones filed an intervention proceeding in Thomas K. Bulliard's suit against Ward Delahoussaye. The intervention, verified and signed by Margot Delahoussaye, admits that Longfellow Avenue fell into disuse before 1960. In the suit Rae Jones and Margot Delahoussaye filed against the City of St. Martinville seeking to set aside the city council's abandonment of Longfellow Avenue, they do not revoke any of the allegations in their intervention. Simply stated Rae Jones and Margot Delahoussaye in one proceeding allege Longfellow Avenue was abandoned, and in another proceeding they allege that the City of St. Martinville arbitrarily and capriciously abandoned Longfellow Avenue. On factual matters a party is bound by its pleadings. An admission in a pleading falls within the scope of a judicial confession and is a party's explicit admission of an adverse factual element; it has the effect *753 of waiving evidence as to the subject of the admission. LSA-C.C. Art. 1853; Dairyland Ins. Co. v. Trail, 459 So.2d 1368 (La. App. 3rd Cir.1984). The three cases at issue on appeal were consolidated for trial because they involve the common issue of the abandonment of Longfellow Avenue; in the absence of a showing of deception, Rae Jones and Margot Delahoussaye, the owners of Lots 9, 12, 13, 16 and 17 of the Labbe Subdivision bordering Longfellow Avenue to the west, are bound by their judicial confession in the intervention, i.e., that Longfellow Avenue fell into disuse prior to 1960, which was their first appearance in these consolidated cases. In accord see Laiche v. Laiche, 231 So.2d 647 (La. App. 1st Cir.1969), writ refused, 256 La. 80, 235 So.2d 101 (1970).
The record does not support that the City Council for St. Martinville acted arbitrarily or capriciously in declaring Longfellow Avenue abandoned. We will not mechanically apply any rule that the city council's failure to conduct an investigation prior to its abandonment action is alone sufficient to upset the abandonment of a roadway. Using the criteria enunciated in Torrance, the inaccessibility of the Leo Bulliard property is the only factor adverse to the abandonment of Longfellow Avenue. However, there is no house on this property and it does not produce income; in fact the only evidence of the use of the Leo Bulliard property is Fred Edmond Bulliard's sporadic visits for yard maintenance. This factor alone is insufficient to overturn the abandonment ordinance when these owners' rights can be maintained through an established right of passage. Further, we find this proceeding, brought 26 years after the city council abandoned the road, is an unreasonable period of time to attack an abandonment contending the city council's action was arbitrary and capricious.
The record amply supports that although the road was dedicated for public use, in fact the only use of the roadway was by the aforementioned families as a private drive. This abandonment in fact coupled with the public body's decision never to maintain the road establishes a sufficient basis for the 1957 abandonment ordinance. Viewed in the light of the facts of this case, we conclude that the trial court was not warranted in overriding the judgment of the St. Martinville City Council. See Caz-Perk Realty, supra; Miller v. Calcasieu Parish Police Jury, 441 So.2d 306 (La.App. 3rd Cir.1983), writ denied, 444 So.2d. 121 (La.1984).

RIGHT OF PASSAGE
The heirs of Leo Bulliard contended at trial that should the abandonment of Longfellow Avenue be upheld that they are entitled to a right of passage. For the following reasons we remand suit number 38,004 to the trial court to allow the heirs of Leo Bulliard to amend their suit to state a cause of action for the establishment of the right of passage to Lots 5 and 8.
As part of the petition of the heirs of Leo Bulliard for the establishment of a right of passage, the City of St. Martinville and its city council members are made defendants. At the outset we note that the owner of an estate who has no access to a public road may claim a right of passage over neighboring property to the nearest road. LSA-C.C. Art. 689. Since neither the City of St. Martinville nor its city council members are owners of property neighboring the Leo Bulliard property in the Labbe Addition, we note ex proprio motu that the heirs of Leo Bulliard have failed to state a cause of action against them. Therefore, we dismiss the City of St. Martinville and its city council members with prejudice from suit number 38,004.
Before a servitude of passage is owed from one estate to another, it must be shown that the property judicially seeking the servitude is enclosed and that the right of passage sought is generally taken on the side where the distance is shortest from the enclosed estate to the public road. LSA-C.C. Arts. 689, 692; Morgan v. Culpepper, 324 So.2d 598 (La.App. 2nd Cir. 1975), writs denied, 326 So.2d 377, 378 (La. *754 1976). The failure of the plaintiff to state a cause of action may be noticed by the appellate court on its own motion. LSA-C. C.P. Art. 927. Although the heirs of Leo Bulliard allege in their pleadings that Lots 5 and 8 are landlocked, they fail to allege that Longfellow Avenue is the shortest route of egress and ingress. The record establishes that another road may be available northeast of the Leo Bulliard property, other than Canal Street which was abandoned earlier. When the grounds of the objection may be removed by amendment of the petition, the appellate court shall order such amendment within a delay to be set by the trial court. If the plaintiff fails to amend within the time allowed, the action shall be dismissed. LSA-C.C.P. Art. 934; Wells v. St. Tammany Parish School Bd., 340 So.2d 1022 (La.App. 1st Cir.1976). Therefore, we remand suit number 38,004 for the fixing of a delay in which Fred Edmond Bulliard, et al., may amend their petition to state a cause of action for the establishment of a right of passage.

DAMAGES
Since we find the 1957 ordinance abandoning Longfellow Avenue valid, under R.S. 48:701 the soil embraced by Longfellow Avenue up to the center line reverts to the owners of the land contiguous thereto. Therefore, Rae Jones, Margot Delahoussaye and the heirs of Leo Bulliard are the owners of the western half of Longfellow Avenue and Thomas Bulliard, Jr., the owner of the eastern half. Accordingly, the trees, all on the eastern half of Longfellow Avenue, belong to Thomas Bulliard, Jr., and, therefore, he is entitled to damages for their loss.
Ward Delahoussaye admits cutting the trees. Although Margot Delahoussaye and Rae Jones were joined as defendants in Thomas K. Bulliard's action, neither was there evidence that either one specifically authorized the cutting of the trees nor was any legal relationship established by a preponderance of the evidence by which they may be held vicariously liable. Therefore, we find that Rae Jones and Margot Delahoussaye are not liable for damages for the loss of trees.
In light of the facts of this case, we conclude that Thomas K. Bulliard, Jr. is entitled to $2500 damages from Ward Delahoussaye.
In brief Thomas Bulliard, Jr. asks for treble damages and attorney's fees under LSA-R.S. 56:1478.1. That statute is only applicable for those who flagrantly disregard the property rights of timber owners. Morgan v. Fuller, 441 So.2d 290 (La.App. 2nd Cir.1983), writs denied, 443 So.2d 596, 599 (La.1983). Accordingly, we find R.S. 56:1478.1 inapplicable to the present case.
For the foregoing reasons the judgment of the trial court is reversed and set aside. IT IS ORDERED, ADJUDGED AND DECREED that in suit number 35,950 there be judgment in favor of Thomas K. Bulliard, Jr. and against Ward Delahoussaye in the amount of $2500 together with legal interest from the date of judicial demand until paid. It is further ordered, adjudged and decreed that the 1957 ordinance of the City of St. Martinville recorded in Book 846, folio 606 of the records of the Clerk of Court for St. Martin Parish revoking the dedication of Longfellow Avenue is maintained, and that pursuant to LSA-R.S. 48:701 Rae Jones, Margot Delahoussaye and the heirs of Leo Bulliard are recognized as the owners of the western half of Longfellow Avenue, and Thomas K. Bulliard, Jr. is recognized as the owner of the eastern half of Longfellow Avenue in accordance with their ownership interests as depicted in the plat of survey by Clarence Thibodeaux dated February 1, 1983. Accordingly, the intervention of Rae Jones and Margot Delahoussaye in suit number 35,950 and their action against the City of St. Martinville, et al., in suit number 38,046 are dismissed with prejudice.
Further, it is ORDERED, ADJUDGED, AND DECREED that suit number 38,004, Fred Edmond Bulliard, et al. v. City of St. Martinville, et al., is remanded to the trial court for the fixing of a delay in which Fred Edmond Bulliard, et al., may amend *755 their petition to state a cause of action for the establishment of a right of passage. And further, the City of St. Martinville and its council members, Leo Thomas, Zerben Champagne, Kliney Hollier, Murphy L. Simon and Douglas Francois, Jr., are dismissed with prejudice from suit number 38,004.
Costs of the trial court in suits number 35,950 and 38,046 and of this appeal are assessed against Ward Delahoussaye, Rae Jones and Margot Delahoussaye. Costs of the trial court in suit number 38,004 shall await final adjudication of the right of passage.
REVERSED AND REMANDED.