527 So.2d 71 (1988)
AMERICAN SECURITY BANK OF VILLE PLATTE, et al., Plaintiffs-Appellees,
v.
Vincent P. REBOKUS and Elsie Fontenot Rebokus, Defendants-Appellants.
No. 87-201.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
J.W. Pucheu, Ville Platte, for plaintiffs-appellees.
Raymond Lejeune, Mamou, for appellee.
John L. Vidrine, Ville Platte, for defendants-appellants.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
STOKER, Judge.
This case involves the validity of the abandonment of all alleyways by the City Council of the Village of Pine Prairie. The trial court found the abandonment to be invalid and granted an injunction preventing defendants from enclosing an alley. Defendants appeal this judgment.

FACTS
In February 1908 a map of the Campbell Subdivision of the Village of Pine Prairie in then St. Landry Parish was filed in the St. Landry Parish records. Since then, Evangeline Parish was created and includes that property. The map shows a 20-foot by 300-foot strip which, although not labeled as such on the map, has come to be known as an alley. There are other such alleys in the subdivision which divide the lots. See Appendix 1.
In 1956 the Village of Pine Prairie was incorporated as a municipality. The official *72 plat of survey for the village, attached to the Incorporation Proclamation, shows no alleys.
Subsequent to the incorporation of the Village of Pine Prairie, the American Security Bank of Ville Platte set up a branch office in the Village of Pine Prairie. The patrons of the branch bank's drive-through window would go through the bank's driveway, turn north into the alley in question and then enter normal street traffic at the intersection of the alley with Sanders Street.
The Village of Pine Prairie was not sure whether any of its alleys were owned by the public. In 1985 the City Council for the Village of Pine Prairie became concerned about its liability exposure and took steps to abandon all public alleys, if any existed, in the village. The abandonment was effected by a motion adopted at a meeting of the City Council.
Based on the abandonment of all alleys by the City Council, defendants fenced in the western one-half of the alley contiguous with its property in the Campbell Subdivision. This had the effect of blocking the north end of the alley where it met Sanders Street. Since plaintiff's drive-through window customers used the alley to reach Sanders Street, plaintiff filed suit for injunctive relief. The trial court granted a preliminary injunction. It was stipulated at trial of the permanent injunction that the evidence adduced at trial of the preliminary injunction (consolidated with the companion case of Campbell v. Village of Pine Prairie) would be the same as that received in the preliminary injunction proceedings. The trial court held the abandonment to be invalid, maintained the injunction and granted a permanent injunction. The defendants appeal from this judgment. The Village of Pine Prairie, defendant in the companion case of Campbell v. Village of Pine Prairie, No. 44,4405-A on the docket of the trial court, did not appeal and has apparently acquiesced in this judgment.

ASSIGNMENT OF ERROR
Defendants contend the trial court erred in the following respect:
1. The trial court erred in holding that the Pine Prairie City Council acted arbitrarily and capriciously in abandoning the alley in question.

APPLICABLE LAW
The first issue to decide is whether the alley in question was dedicated to public use. The plaintiff offered into evidence a map of Campbell Subdivision which was filed in the St. Landry Parish public records (which was the parish containing Pine Prairie in 1908) on April 28, 1908 and which is in substantial compliance with the rules on statutory dedication set forth in LSA-R.S. 33:5051. Although the alley is not labeled as such on the map, we find the intent of the subdivider to create the alley in question sufficiently clear from the plat, given the precise measurements of the lots adjoining the alley and the measurements of the alley and streets separating the lots. See Garrett v. Pioneer Production Corp., 390 So.2d 851 (La.1980). Since the land in question is not given a street name, as are the other streets, and it is much narrower than the streets, we infer that the subdivider did not intend it to be a street. Therefore, the land in question is an alley owned by the Village of Pine Prairie through statutory dedication.
LSA-R.S. 48:701 gives parishes and municipalities the authority to revoke the dedication of streets and alleys to public use and requires neither the execution of a notarial act nor the recordation of the abandonment. Bulliard v. Delahoussaye, 481 So.2d 747 (La.App. 3d Cir.1985). The sole requirement of the statute which must have been met to authorize the governing body of the municipal corporation to effect the abandonment of the street or alley in question was that it be abandoned in fact or no longer needed for public purposes. Bulliard v. Delahoussaye. We conclude that, procedurally, the abandonment was valid and turn to the issue of whether the alley was abandoned in fact or no longer needed for public purposes.
*73 An alley is a narrow thoroughfare through the middle of a block which gives access to the rear of lots or buildings for the special accommodation of the property it reaches. See Black's Law Dictionary 99 (4th ed. 1968); Webster's New Collegiate Dictionary 30 (1977). There is no evidence that the alley was abandoned or no longer needed by the adjoining property owners. Wilson Campbell and American Security Bank of Ville Platte, both adjoining property owners, testified to weekly and daily use of the alley, respectively. The Bank paid to have the alley paved. Approximately 150 of the Bank's customers signed petitions to keep the alley open, stating that it was necessary for access to the Bank's drive-through window. We find that the municipality failed to meet the requirement for the revocation of a statutory dedication and the abandonment of the alley by the Village of Pine Prairie was arbitrary and capricious and should have no effect. There was no valid revocation of the alley. See Anderson v. Police Jury of the Parish of East Feliciana, 452 So.2d 730 (La.App. 1st Cir.1984), writ denied, 457 So.2d 13 (La.1984).

DECREE
For the reasons assigned, the judgment of the trial court is affirmed. The costs of appeal are assessed to defendants-appellants.
AFFIRMED.
*74