# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**10-1227**


**MARLAN W. ANDERSON, ET AL.**

**VERSUS**

**JEANETTE MESSENGER, ET AL.**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 82249A-A
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE
**\*\*\*\*\*\*\*\*\*\***


**SYLVIA R. COOKS**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.


                                                                    **AFFIRMED**.

**William R. Jones**
**713 E. Carroll Street**
**P.O. Box 598**
**Coushatta, LA 71019**
**(318) 932-4011**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **Marlan W. Anderson and Kathy Box Anderson**

**Mark L. Roberts**
**McCoy, Roberts & Begnaud, LTD.**
**300 St. Denis Street**
**Natchitoches, LA 71457**
**(318) 352-6495**
**COUNSEL FOR APPELLEE:**
     **Jeanette Messenger**

**COOKS, Judge.**

In 1996, Paul Messenger (now deceased) approached Natchitoches Parish police juror Joe Mitchell, concerning the possibility of removing King Hill Road from the public system. That road is located in northwest Natchitoches Parish, running approximately six miles, parallel to Interstate 49, and connecting with Highways 174 and 485. Mr. Messenger owned property bordering a 2.7 mile stretch of King Hill Road. Mr. Messenger sought ownership of the portion of the road traversing his property and not the entire length of the road.

In pursuit of his objective of removing the road from the public system, Mr. Messenger, following formal police jury policy, published notice in the newspaper of record declaring that intent. At a subsequent meeting of the Natchitoches Parish Police Jury (hereafter Police Jury), Mr. Messenger's request was discussed. The purpose of the removal was discussed, and comments were allowed. There was one person who spoke in opposition, arguing there were "a lot of people here that use this road." Eventually, the Police Jury unanimously approved removing 4.3 miles of King Hill Road out of the parish road system and converting it to a private road.

Subsequent to that decision, Mr. Messenger erected two gates on the road on each side of his property. The gates were approximately 2.7 miles apart[1], and Mr. Messenger did not lock the gates. The plaintiffs in this matter, Marlan and Kathy Anderson, continued to use the 2.7 mile stretch of road despite the gates. However, in 2008, Mr. Messenger's widow, Jeanette, began locking the gates to prevent any public access to the road. The Andersons then filed a petition seeking a mandatory injunction that would allow them access to the road and/or sought to declare null and

---

[1] The trial court noted that the reference in the revocation passed by the Police Jury is to 4.3 miles, but it is the 2.7 mile portion of the road that is involved in this litigation.

void the Police Jury's earlier action. After a trial on the merits, the trial court rendered written reasons for judgment finding: (1) the actions of the Police Jury rendered the relevant portion of the road private; (2) the inaccurate mileage (4.3 miles) listed in the resolution did not adversely affect the revocation; (3) the Police Jury did not act arbitrarily or capriciously; and (4) the plaintiffs did not acquire a servitude of passage across the Messenger property. Therefore, judgment was rendered dismissing all of the plaintiffs' claims. This appeal followed. Plaintiffs assert the following assignments of error:

1. The trial court erred in finding the Police Jury did not act arbitrarily or capriciously in removing part of King Hill Road from the parish road system.

2. The trial court erred when it held the Police Jury intended to close and abandon the middle part of "the Road", when the advertisement and minutes of the meeting only showed an intent to remove "the Road" from the parish road system.

3. The trial court erred when it held 2.7 miles of "the Road," which was never described, was removed from the parish road system instead of 4.3 miles as stated in the advertisement and minutes.

4. The trial court erred when it held that plaintiffs who used "the Road" for over thirty (30) years had not acquired by acquisitive prescription a predial servitude of passage under La.Civ.Code art. 742.

## ANALYSIS

Revocation of a public road dedication is governed by La.R.S. 48:701, which provides in pertinent part:

> The parish governing authorities . . . of the state . . . may revoke and set aside the dedication of all roads, streets, and alleyways laid out and dedicated to public use within the respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes.
>
> Upon such revocation, all of the soil covered by and embraced in the roads, streets, or alleyways up to the center line thereof, shall revert to the then present owner or owners of the land contiguous thereto.

-2-

Plaintiffs first two assignments of error question whether the Police Jury intended to revert ownership of the road to Mr. Messenger; and, if so, whether that decision to do so was arbitrary and capricious and, therefore, invalid. This court in *American Security Bank of Ville Platte v. Rebokus*, 527 So.2d 71, 72 (La.App. 3 Cir.1988), (citing *Bulliard v. Delahoussaye*, 481 So.2d 747 (La.App. 3 Cir.1985), held that La.R.S. 48:701 required neither the execution of a notarial act nor the recordation of the abandonment, but simply that the street in question "be abandoned in fact or no longer needed for public purposes."

There were six separate advertisements of the Police Jury meeting concerning the proposed redesignation. The advertisement specifically stated that the public hearing involved "removal of certain roads, or portions of roads, from the Parish Road System." The advertisement then specifically identified King Hill Road as the road in question.

At the meeting, the Police Jury heard from L.C. Prelow, who spoke in opposition to Mr. Messenger's request, stating he was opposed to the "closing" of the road, and not just the cessation of maintenance of the road. Mr. Prelow's comments clearly evidenced a belief that passage of Mr. Messenger's request would result in the closure of a portion of the road to public access. Also, during the meeting there was a comment from a police juror noting that I-49 provided an alternate route between Highways 174 and 485 (which are the highways roads Kings Hill Road runs between), and had an exit for both highways. As the trial court noted, this indicates the police juror believed King Hill Road would no longer be used by the public as a route between Highways 174 and 485. Lastly, shortly after passage of the resolution, Mr. Messenger erected gates at both ends of his property. At no point in the following twelve years did the Police Jury request him to remove the gates. Together,

these facts indicate the Police Jury intended to remove the middle portion of the road from public responsibility.

The trial court also recognized it was unrealistic to believe Mr. Messenger would have requested the Police Jury stop maintaining the road, but still have left it open to public access. The trial court stated as follows in its reasons for judgment:

> Plus, it is obvious that Mr. Messenger sought to revert the road to private use. It makes no sense for a landowner to want to have the police jury stop maintaining the road and at the same time keeping the road public. The only reason a landowner would want to change the nature of the road is to prevent access, not to continue public access and at the same time be required to privately maintain the road.

This court has held we "will not interfere with the function of public bodies in the exercise of discretion vested in them in the abandonment of streets unless they abuse their power by acting arbitrarily and capriciously." *Bulliard*, 481 So.2d at 751. In *Bulliard*, we noted access to one's property is an important factor in determining whether a police jury's decision to privatize a road is arbitrary and capricious. In this case, no property has been landlocked nor is any access denied to the plaintiffs or anyone else's property. Plaintiffs note they have been inconvenienced by the inability to traverse King Hill Road as in the past. However, simple inconvenience does not make the police jury's decision arbitrary. The trial court cited with approval the decision in *Craig v. Police Jury Grant Parish*, 265 Fed.Appx. 185 (5th Cir. 2008), wherein the federal court held a police jury's decision to deny access to property, even if it is more convenient, does not make it arbitrary.

Plaintiffs cite in support of their position this Court's decision in *Luneau v. Avoyelles Parish Police Jury*, 196 So.2d 631 (La.App. 3 Cir. 1967). However, in that case, we found for the plaintiffs primarily because the removal of the road in question from the parish road system resulted in their property becoming landlocked. We noted:

In fact, our research discloses no case upholding the abandonment of an established and well-maintained public road, and certainly not where that road constitutes the only means whereby an abutting landowner may enter or leave his property.

The *Craig* court specifically noted our decision in *Luneau* and distinguished it, emphasizing the closure of the road did not result in property being landlocked as it did in *Luneau*. Similarly, in the present case, the plaintiffs property was not landlocked by the removal of the 2.7 mile portion of King Hill Road, and they have publicly maintained roads on which to come and go from their property.

We find no error in the trial court's determination that the police jury intended to remove the middle portion of King Hill Road from the parish road system. We also find the police jury's action in removing that road was not arbitrary and capricious. As La.R.S. 48:701 provides that such a revocation reverts ownership to the contiguous owner of the road, the Messengers became the owner of the road.

Plaintiffs also assert on appeal that the trial court erred when it held 2.7 miles of King Hill Road was removed from the parish road system, when the advertisement and minutes listed 4.3 miles as the portion of the road to be redesignated. This argument was made below, and the trial court, noting it did not know where the 4.3 mile figure came from, gave the following reasons for finding the inaccurate mileage listing did not render the redesignation invalid:

> . . . the Court finds the intent of the police jury was to remove the 2.7 mile stretch of road through the Messenger property. The road, which is longer than 4.3 miles, is still publicly maintained outside the Messenger gates, but not inside the gates. While the mileage may be inaccurate, the Court finds the police jury actually intended to remove only the 2.7 mile stretch of road between the Messenger gates.

We agree with the trial court that the inaccurate listing in the advertisement and subsequent Police Jury resolution does not render the police Jury's action invalid. The actions of the Police Jury in allowing the Messengers to gate the 2.7 mile portion

of road and in continuing to maintain the remaining portions of the road show its clear intent was to abandon only the 2.7 miles of the road running through the Messenger property.

Lastly, plaintiffs argue under La.Civ.Code art. 742 they acquired a servitude of passage across the Messenger property through their continuous use of the road for over thirty (30) years. Louisiana Civil Code Article 742 provides:

> The laws governing acquisitive prescription of immovable property apply to apparent servitudes. An apparent servitude may be acquired by peaceable and uninterrupted possession of the right for ten years in good faith and by just title; it may also be acquired by uninterrupted possession for thirty years without title or good faith.

As the trial court noted, a private individual cannot acquire by acquisitive prescription those things that are "owned by a political subdivision in its public capacity." *Band v. Audubon Park Commission*, 05-937, pp. 6-7 (La.App. 4 Cir. 7/12/06), 936 So.2d 841, 845, *writ denied*, 06-1990 (La. 11/3/06), 940 So.2d 670. Thus, since the road was owned and maintained by the parish prior to 1996, it was insusceptible to acquisitive prescription. Therefore, plaintiffs could not possess the servitude of purposes of acquisitive prescription until 1996, which would not be sufficient to attain the required thirty (30) years of uninterrupted possession. The trial court correctly found plaintiffs had not acquired a servitude of passage over the Messenger property.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiffs-appellants.

**AFFIRMED.**