Dear Mr. St. Pierre,
You have requested an opinion of this Office regarding whether St. Charles Parish ("the Parish") "may use tax money to engineer subsurface drainage for an entire street, when the request for parish funded engineering is being driven by only one or two residents on that particular street." In your request letter you stated that the Parish is having problems with "spot subsurface drainage," and that on certain subdivision streets several culverts are improperly sized and cause further problems with drainage in the Parish. Based upon your request, it appears that private landowners wish to install their own subsurface drainage, but the Parish is concerned that if this subsurface drainage is improperly engineered, it will cause further problems with drainage in the area.
As you stated in your request, the issue here is whether St. Charles Parish can legally fund subsurface drainage engineering and/or design on a street where it is possible that only one or two residents on the street will directly benefit from such engineering. Therefore, the issue is essentially whether the Parish can legally expend public funds for this purpose in this situation.
 Restrictions Governing Use of Public Funds
La.Const. art. VII, § 14 sets forth the general prohibition against public entities gratuitously alienating public funds or property. It provides, in pertinent part, the following:
 (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . . *Page 2 
Article VII, § 14 "is violated when public funds or property are gratuitously alienated."[1] It has been the consistent opinion of this Office that in order for an expenditure of public funds to be permissible under Louisiana Constitution Article VII, § 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds.[2] In applying La.Const. Art. VII, § 14, we must consider each element, listed above, independently.
(i) A public purpose for the expenditure or transfer that comportswith the governmental purpose for which the public entity has legalauthority to pursue
The public purpose, under the facts set forth in your opinion request, would be rooted in providing proper drainage or flood control for the whole parish. The parish, which operates under a home rule charter, [3]
may exercise the "power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with [the] constitution."[4] Additionally, La.R.S. 33:1236(2)(c) sets forth the express authority for police juries and other parish governing authorities (like St. Charles Parish) to "perform all or any part of the repair, maintenance and care of. . .culverts and other drainage facilities, situated within and under the jurisdiction of such incorporated municipality." While such authority with regard to drainage does exist, this Office has consistently held that the political subdivision "has [the] authority and responsibility to maintain efficient drainage in the public interest."[5] The law only provides this authority to the governmental entity "in order to `further the best interests of the *Page 3 
parish and the parish road system.'"[6] Therefore, in considering this first element, it is our opinion that St. Charles Parish cannot expend public funds for works of development that are purely private in nature.[7]
(ii) The expenditure or transfer, taken as a whole, does not appear to begratuitous
In considering whether such an expenditure of public funds is "gratuitous when taken as a whole," it should be noted that such a decision can only be made considering all factual nuances. In considering this expenditure of public funds of the Parish for engineering subsurface drainage on specific streets, we are therefore also unable to opine as to whether this particular factual scenario is gratuitous when taken as a whole. This is a decision that must be made by St. Charles Parish, keeping the best interests of the Parish in mind.[8]
This Office has consistently found "that a police jury is authorized to use public funds to install culverts on public property and may install culverts on private property for a public purpose, i.e., to improve the drainage system of the parish."[9] While the authority to improve drainage issues in the Parish does exist, this Office has also held in the past that "a police jury [or other political subdivision] is not authorized to perform such work if the work is for the exclusive benefit of private interests."[10] The First Circuit Court of Appeal has similarly held that "the value of the engineering services and the cost of excavating the necessary ditches on and across privately owned land would constitute "things of value" and their donation to private land owners is plainly prohibited.[11]
Therefore, as explained throughout this opinion, if the Parish does decide to fund the engineering of subsurface drainage, it may only be done if the drainage project is in the best interest of the constituency of St. Charles Parish and not for the sole benefit of select private landowners. If the funding of engineering of subsurface drainage appears to benefit only select private landowners, it is likely that the expenditure may appear gratuitous when taken as a whole. *Page 4 
(iii) The public entity has a demonstrable, objective, and reasonableexpectation of receiving at least equivalent value in exchange for theexpenditure or transfer of public funds
Considering whether St. Charles Parish has a reasonable expectation of receiving equivalent value in exchange for this proposed expenditure of public funds, like the other elements above, similarly requires an assessment of the facts and the Parish's motivation. While we cannot make such a factual determination here, this Office has noted in the past that "the exercise of a police jury's functions `is subject to much discretion and has traditionally been judicially granted much latitude.'"[12] The Second Circuit Court of Appeal has additionally held that "[g]enerally an abuse of discretion results from a conclusion reached capriciously or in an arbitrary manner."[13] Therefore, as long as the police jury's decision is not arbitrary or capricious, they will generally be within their discretion.[14]
 CONCLUSION
Pursuant to La.Const. Art. VII, § 14, St. Charles Parish is prohibited from donating public funds for the engineering of subsurface drainage for the sole benefit of certain private landowners. St. Charles Parish may, however, fund these engineering costs if such an expenditure will be in the best interest of the Parish as a whole and not just the private landowners who may receive an indirect benefit of the engineering services. .
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ DANIEL D. HENRY JR. Assistant Attorney General
 JDC/DDH/jv
[1] Board of Directors of the Industrial Development Board of theCity of Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners,Citizens of the City of Gonzales, et al., 2005-2298 (La. 9/6/06), 938 So.2d 11,20.
[2] See La. Atty. Gen. Op. Nos. 10-0171, 09-0271, 09-0259, 09-0251, 09-0146 and 07-0050A.
[3] Any local or parish government created by a home rule charter, adopted pursuant to the current Louisiana Constitution, may exercise the "power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution." La.Const. Art. VI, § 5(E). St. Charles Parish voted to adopt its current Home Rule Charter at referendum in December of 1977 which subsequently became effective January 7, 1978, which states that "[t]he Parish shall operate under this Home Rule Charter under authority of Article VI, Section 5 of the Constitution."
[4] La.Const. Art. VI, § 5(E).
[5] La. Atty. Gen. Op. No. 79-509.
[6] La. Atty. Gen. Op. No. 79-509, citing La.R.S. 33:1236(2).
[7] See La. Atty. Gen. Op. No. 79-509.
[8] Id.
[9] La. Atty. Gen. Op. No. 06-011.
[10] Id. See also, La. Atty. Gen. Op. Nos. 05-0272, 01-0196, 00-0277, 97-0428, 79-0509, 78-0425 and 77-0307.
[11] Savoie v. Rayco Shipbuilders and Repair, Inc., 484 So.2d 764 (La. App. 1 Cir. 2/25/86).
[12] La. Atty. Gen. Op. No. 06-0011, citing La. Atty. Gen. Op. No. 90-0289 and Torrance v. Caddo Parish Police Jury, 119 So.2d 617 (La. App. 2 Cir. 1960).
[13] Torrance v. Caddo Parish Police Jury, 119 So.2d 617, 619 (La. App. 2 Cir. 1960).
[14] La. Atty. Gen. Op. No. 06-0011.